### George Catlin *v.* Lyman & Marsh.

The parties to a promissory note may stipulate for interest to be paid before the principal sum falls due; and, in such case, a suit will lie for the recovery of the interest when it becomes due.

Interest upon that interest is allowed by way of damages for delay of the payment; but the parties cannot stipulate for interest upon interest, before it becomes due.

In legal contemplation a contract for "annual interest" is the same as if written for "interest annually."

Uncertainty in pleadings, or the use of argumentative allegations, is not fatal on general demurrer. Such defects, if relied upon, should be pointed out, so that the court can see wherein it is claimed the defects exist.

Assumpsit. The plaintiff declared as indorsee of a promissory note, executed by the defendants to Moses Catlin or order, for the sum of $10,000, dated April 1, 1837, and payable in ten years from date "with annual interest." The action was brought for one year's interest, becoming due April 1, 1842. The declaration counted upon the note in the terms in which it was written, and set forth a promise by the defendants to pay the note to the plaintiff in consideration of the indorsement;— but no promise to pay the interest was raised, except in these words,—" and the plaintiff admits that there is no part of said note now due except the sum of $600

Catlin *v.* Lyman et al.

of the interest, which was due on the first day of April, 1842, and is due with interest on the same from the said first day of April, 1842."

The defendants demurred generally.   The court rendered judgment for the plaintiff for said sum of $600.   Exceptions by defendants.

*C. D. Kasson* for defendants.

We have not been able to find a case precisely like the present. The cases in Massachusetts, ( 2 Mass. 283,  Ib. 568,  3 Mass. 221, 8 Mass. 455, which are all that have any bearing on the subject,) are cases where the words were " payable annually,", or " to be paid annually," or " yearly," or " interest annually,"—using the adverb instead of the adjective.   It is a general rule that the law will not give interest by forced construction, nor beyond the stipulation of the parties.   The word " annual" is an adjective belonging properly to " interest," and cannot, on any principle of construction, have relation to, or qualify the *time* at which the interest should be *paid.*   Suppose it had been " with six *per cent.* annual interest," it could not be pretended that this would make it *payable* annually. Here the six *per cent.* is understood, or implied in law.

Again, — the defendants promise that, on the first day of April, 1847, they will do an act.   What act ?   Pay $10,000 with interest. What interest ?   Such " annual interest" as the law allows.   They agree to do, on a certain day, two acts, — or one act *with another.* There is no agreement to *do* any thing except on *one day*, and then they agree to do *both.*

2.  If the interest is payable annually, the declaration should raise a promise on that part of the note, and should also allege a breach of some particular year, so that the defendants may plead a recovery in bar of a subsequent suit.

*H. Leavenworth* for plaintiff.

1.  The declaration is sufficiently formal, in this case, to accord with the practice in this state.   It is not necessary to raise a promise from the defendants' liability to pay the money contained in the note.   *Binney et al.* v. *Plumley*, 5 Vt. 500.

2. The expression in the note, " annual interest," means the same as the words " interest annually," or " interest payable annually"; and the interest can be sued for yearly. Chit. on Bills 664. *Greenleaf* v. *Kellogg*, 2 Mass. 568. *Hastings* v. *Wiswall*, 8 Mass. 455. *Fake* v. *Eddy*, 15 Wend. 76.

The opinion of the court was delivered by

REDFIELD, J. The only question arising upon the merits of the present case is whether a promissory note, payable in ten years from date *with interest annually*, imposes the same legal obligation as when payable *with annual interest*. The attempt to make any distinction in the two cases savors too much of refinement. It is no doubt true that, in strict grammatical construction, the forms of expression are quite susceptible of different imports. But courts of justice, in putting a construction upon contracts, should be governed more by the popular than by the strict philological import of words and phrases. It is in this way only that we are enabled to get at any well founded basis of making contracts speak the intention of the parties to them.

And in the present case, should we adopt the view which the defendants' counsel recommend, there would be insuperable difficulties in escaping from either an idle and absurd import, or an illegal effect of the terms. For if the expression " annual interest" signifies nothing more than interest computed on the ratio of six *per cent.* for one year, instead of six *per cent.* for *six months*, or for *two years*, then it is of no legal force ;—with *interest* signifies precisely the same. The statute has fixed the mode of computation ; and if we say that the expression was intended to signify the *mode of computation*, and not the *time of payment*, we make the contract control the statute and thereby become illegal. Parties cannot stipulate in advance either for compounded, or for what is termed annual interest, to be reckoned for a succession of years. This would be to control the mode of computation fixed by the statute ; and if not usurious, it is oppressive and illegal. But it has long been settled in this state, doubtless upon the authority of the cases cited from Massachusetts, that the parties may make the interest payable at any time short of the time fixed for the payment of the principal

Catlin *v.* Lyman et al.

sum. In such case if the interest is not paid when it falls due, suit may be immediately brought for the sum due, and a recovery had for that, with interest upon it, from the time it fell due, by way of damages for the delay. The interest is thus treated as a separate instalment of the principal sum. In such case, if no suit be brought until the whole sum be due, the interest will be computed on the several successive instalments of interest, as so many distinct causes of action blended in one suit. But the interest upon the interest is allowed, in these cases, by way of damages for the delay of payment, and not as any portion of the stipulated interest. And, in the present case, if the parties might stipulate for interest upon the interest for the several years from the end of each year, and still no portion of the principal or interest fall due until the end of ten years, this would be in effect to allow the parties to contract for more than "six dollars for the forbearance of one hundred dollars for one year, and, at the same rate, for a greater or less sum, and for a longer or shorter time." Whether it would not have been more in accordance with the true spirit of the statute not to have allowed interest upon interest, even by way of damages for delay of payment, it is now too late perhaps to inquire,— the contrary practice having long since received the sanction of our courts.

The objection made to the sufficiency of the declaration is the same, in effect, with the one already decided,—the declaration being in the terms of the contract. This is not always the most strictly professional mode of drawing a declaration; but in the present case it produces no such uncertainty as to be fatal. The fact, too, that the breach of the contract is only argumentatively alleged is of the same character. Uncertainty is only a ground of special demurrer, and the party demurring must specially set down and explain wherein the uncertainty consists. 1 Chit. Pl. 521, 255, 256.

Judgment affirmed.

Note by Redfield, J. From the case of *Le Grange* v. *Hamilton*, 4 T. R. 613, and 2 H. Bl. 144, it would seem that a contract stipulating for interest upon interest is not usurious, within the English statute. But it is, I apprehend, the uniform language of all the books upon the subject, that such a contract is not to be supported. It is so far oppressive as to be regarded against

Day et al. *v.* Ridley et al.

sound policy. The subject is very elaborately discussed, and all the cases collected, in the opinion of the chancellor in the case of the *State of Connecticut* v. *Jackson,* 1 Johns. Ch. R. 13. The same rule obtained in the Roman law. Justinian's Code 28, 32, 42, and Voet's Commentary on the Pandects, lib. 22, tit. 1, pl. 20. See also *Brown* v. *Barkham,* 1 P. Wms. 652. *Waring* v. *Cunliffe,* 1 Vesey, jr. 99. 9 Vesey 271.