NILES *v.* THE BOARD OF COMMISSIONERS OF THE SINKING FUND.

The Board of Commissioners of the sinking fund cannot recover compound interest on its loans.

It is a general rule, that compound interest cannot be recovered except where, after simple interest becomes due, there is an agreement in consideration of forbearance, that on the interest due interest should be afterwards allowed.

But there are cases where trustees are liable to pay compound interest.

ERROR to the *Marion* Circuit Court.

May Term, 1846.

NILES
v.
THE BOARD OF
COM'RS OF THE
SINKING FUND.

Saturday,
July 18.

PERKINS, J.—Bill in chancery to enjoin the sale of certain land advertised, and to compel the sinking fund commissioners to enter a credit upon a mortgage given to secure the repayment of a loan made from said sinking fund. There was an answer confessing the bill. The cause was submitted upon the bill so confessed, and the same was by the Court, after due deliberation, dismissed.

There is but one question in the case, and a small portion of the facts stated in the bill will sufficiently present it. *Thomas J. Turner* mortgaged a certain tract of land, described in the bill, to the state of *Indiana*, to secure the repayment of a loan of 500 dollars, obtained by him from the sinking fund belonging to said state. By the terms of the mortgage, drawn pursuant to law, the interest on the loan was payable annually in advance, and a failure to pay the interest when due, subjected the mortgaged premises to forfeiture and sale. The fund commissioners were authorized on the happening of such failure to pay interest, to advertise and sell the land to make the amount due on the loan. This land, so incumbered, *John B. Niles* afterwards purchased of *Turner*, and, as a part of his contract, assumed to pay this mortgage-debt. *Niles* failed, for four successive years, to pay the annual interest accruing on the mortgage, and the sinking fund commissioners neglected for the same length of time, to enforce its payment by a sale of the land. When *Niles* went, in 1844, to pay off the accumulated arrear of interest, then amounting to 170 dollars, the sinking fund commissioners charged him interest, at the rate drawn by the principal, on the four successive sums of interest that had fallen due, one each year, from the times they had respectively become due till payment tendered. The amount of interest so charged upon interest was twenty-nine dollars and forty cents. This, *Niles* refused to pay, and the commissioners proceeded to advertise the land for sale to make the same, whereupon this bill was filed.

The question is, were the commissioners warranted in charging the compound interest? We think not. It must be admitted there are decisions that would seem to authorize it; but after a careful review, and with feelings favourable to

the allowance of the charge, we are satisfied that the weight of authority is decidedly adverse to the right to recover compound interest in cases like the present. The general rule of law seems to be, that compound interest will not be allowed where there is no agreement to pay it, nor where there is such an agreement, if it is made at the time the principal debt is created, for the reason that it is oppressive and tends to usury; but, on the other hand, it may be recovered where there is a contract to that effect, made after the simple interest on which the compound interest is charged becomes due, and in consideration of the forbearance of said simple interest. *Bevan, Ex parte*, 9 Ves. 223.—*Waring* v. *Cunliffe*, 1 *id*. 99.—*Morgan* v. *Mather*, 2 *id*. 15.—*Chambers* v. *Goldwin*, 9 *id*. 254, 271.—5 Paige, 98.—8 Mass. 455.—Chitt. on Cont. 647, and note.—5 Barn. & Ald. 34. There are cases in which trustees are charged compound interest. The complainant in the present case does not fall within that class. He is not a trustee, but stands in the place of a borrower from a fund in the charge of trustees, and as such is not, as to the question involved in this case, on a different footing from the borrower of money from any other source. A reference has been made to the R. S. 1843, p. 581, sect. 28; but we do not think that section has any bearing upon this case. 2 Blackf. 312.

*Per Curiam.*— The decree is reversed with costs. Cause remanded, &c.

*J. H. Bradley*, *A. L. Osborn*, and *J. B. Niles*, for the plaintiff.

*J. Morrison* and *S. Major*, for the defendant.