JAMES WHEATON *v.* JONATHAN PIKE.

Where a promissory note is made payable at a given time after date, with interest payable semi-annually, interest may be computed, in making up the judgment, on all instalments of interest overdue and remaining unpaid; but no instalments of semi-annual interest will be considered as due after the maturity of the note, because, after that, both the accruing interest and the principal are due, not on any particular day, but every day till they are paid.

Hence, the amount of the judgment on a note for $1,000, payable three years after date, with interest payable semi-annually, is the amount of the principal of the note, with simple interest thereon, to the time of obtaining judgment, and also the amount of the semi-annual dues of interest, including that which accrued when the note became due, with simple interest thereon, to the date of the judgment.

ASSUMPSIT against the defendant as maker of the following promissory note :—

" $1,000.00                    PROVIDENCE, August 28, 1860.

Three years after date, I promise to pay to the order of James Wheaton one thousand dollars, with interest payable semi-annually, value received.

JONATHAN PIKE."

The action was brought at the present (October) term, 1868, of the Supreme Court for this county, and the defendant having submitted to judgment, the question of the proper mode of computing interest was argued by *John P. Knowles* for the plaintiff, and by *Eames* for the defendant.

DURFEE, J. This is an action on a promissory note for the payment of one thousand dollars, three years after date, with

interest payable semi-annually.   The defendant has submitted to judgment, and the question made to us relates to the computation of interest in making up the amount of the judgment; the plaintiff claiming interest on the semi-annual dues of interest, from the time they severally became payable, making claim as if interest was payable semi-annually, after, as well as before the maturity of the note, though he offers no proof that the debtor ever agreed to pay interest thereon after they became payable, or that he demanded payment thereof previous to the suit.

There is upon this question a conflict of decision.   In some States interest is not allowed upon the interest thus accruing, when, after it became due, there has been no demand or agreement for its payment.  *Ferry* v. *Ferry*, 2 Cush. 92; *Hastings* v. *Wiswall*, 8 Mass. 455; *Wilcox* v. *Howland*, 23 Pick. 167; *Doe* v. *Warren*, 7 Greenl. 48; *Bannister* v. *Roberts*, 35 Maine, 75; *Stokely* v. *Thompson*, 34 Penn. 210; *Niles* v. *The Board, &c.*, 8 Blackf. 158; *Leonard* v. *The Adm'r of Villars*, 23 Ill. 314; *Connecticut* v. *Jackson*, 1 Johns. Ch. 13; *Henderson & Cairns* v. *Hamilton*, 1 Hall, (N. Y.) 314.

But in other States, interest is allowed on such interest from the time it becomes payable, without any subsequent demand by the creditor, or agreement by the debtor that it shall be paid. To this effect are the cases of *Pierce et al.* v. *Rowe*, 1 N. Hamp. 179; *Catlin* v. *Lyman*, 16 Vt. 44; *Mann* v. *Cross*, 9 Iowa 327; *Doig* v. *Barkley*, 3 Rich. (S. C.) 125; *Gibbes* v. *Chisholm*, 2 N. & M. 38; *Singleton* v. *Lewis*, 2 Hill, (So. Car.) 408. We find the cases of *Kennon* v. *Kennon*, 1 Taylor, (N. Car.) 231; *O'Neall* v. *Sims*, 1 Strobh. 115; *Wilkinson* v. *Root*, 4 Ham, (Ohio,) 373; *Talliaferro's Ex'rs.* v. *King's Adm'r.*, 9 Dana, 331, also referred to in support of the same doctrine, though we have not been able to examine them. And of some of these cases, it is claimed, that they have held that, even if the principal be due at or before the first instalment of interest is due, interest is to be charged upon the interest from the time it is payable. 1 Walton, A. L. Cas. (2d ed.) 539.

In *Hollingsworth* v. *The City of Detroit*, 3 McLean, 472, it

was held, that interest was recoverable on interest payable semi-annually, according to the terms of the coupons of certain bonds of the city. It is, however, remarked in this case : " The coupons were negotiable, by delivery ; and no question is made whether, when due, a demand of payment was made, or whether such demand was necessary. The point not being raised, need not be considered." And again : " It is notorious, that the city was unable to pay the interest as it became due, and it could not have been collected by legal means."

In *Connecticut Mutual Life Insurance Co.* v. *Cleveland, &c., Railroad Co.*, 41 Barb. S. C. 9, there was a similar decision. The Court (Sutherland, P. J.) said : " The coupons are negotiable promises to pay a certain sum of money, on a certain day, to the holder ; so much as to be cut off and circulated independently of the bonds. If not paid when due, I think interest should be allowed by way of damages, for the delay of payment." The case does not appear to be in the line of the New York precedents, unless there is some reason for allowing interest upon coupons for interest, which does not apply to dues of interest payable in the more usual form. The reason is, we think, rather the other way ; for, from the fact that the coupons are detachable, and may circulate from hand to hand, it is, almost necessarily, to be inferred, that the holder is expected to present them to the debtor and demand payment thereof, and the more especially if they are payable on presentment at a particular place, and therefore, from a neglect of such presentment and demand, a waiver of interest is more readily to be presumed.

In this State, in the case of *The National Exchange Bank* v. *The Hartford, Providence and Fishkill Railroad Co.*, 8 R. I. 375, tried on demurrer to the declaration, in which the interest sued for was declared to be payable " half-yearly, on the first day of January and the first day of July, in each year, at the office of the said defendants, in said Hartford, on the delivery of the warrant," &c., interest was allowed on such interest *from demand*.

In the case of the *Connecticut Mutual Life Insurance Co.* v. *Cleveland, &c. Railroad. Co.*, the action was for the amount due

on 140 coupons of 20 bonds, and was against guarantors of the bonds. In the statement of the case it is said : " The only demand ever made for the payment of the coupons, before the suit was brought, was one made on the assignees of the Ohio Life Insurance and Trust Company, at the office of which company, in New York, they were made payable. The company itself had previously failed, and had no office in New York." We infer from this, that demand was not made for the payment of the coupons as they became due.

In appears, in this case, as well as in *Hollingsworth* v. *The City of Detroit*, that the makers of the bonds had failed. Whether the decision would have been the same if· they had continued solvent, and had always paid the coupons, when due, upon presentment, is not distinctly manifest ; but in both cases a disposition is evinced to criticise the rule which is the more unfavorable to the allowance of interest, and to disparage the grounds on which it rests.

The reasons assigned for not allowing interest are, first, that interest on interest savors of usury, and is liable to bear with oppressive hardship on the debtor ; and, second, that the creditor, from his forbearing to call for the instalments of interest when they become due, may be presumed to have waived his claim to interest on the same. These reasons are not entirely consistent ; for, if the interest is not to be allowed for the first reason, there can be no waiver of interest to be presumed. It is also urged, that interest, if so allowable, upon annual or semi-annual dues of interest, should, for the same reason, when the debt is payable with interest at a particular time, be allowed from that time upon the interest then due, as well as on the principal. *Doe* v. *Warren et al.* 7 Greenl. 48, 50.

But, on the other hand, it is urged that interest upon such interest, whatever savor of usury it may have, is not usurious, for after such interest is due, the debtor may lawfully agree to pay interest thereon, and if he was paid interest thereon, he cannot recover it back ; that no rule should be adopted which favors the debtor at the expense of the creditor ; and that there is no good reason why money due at a particular time, for the use of

money, should not carry interest from that time in the same manner as money due for any thing else. In South Carolina, where the rule accords with this view, it has been held that where a party contracts to pay a sum of money, with interest thereon, on a given day, when the day arrives the interest becomes principal, and bears interest for the future. *Doig* v. *Barkley*, 3 Rich. Law R. 125.

There is a reason for not allowing interest upon interest, applicable to negotiable securities, which we do not find referred to ; namely, that it may not be known to the debtor to whom the interest is to be paid ; but it may be replied, that the same reason would hold in regard to the principal of a negotiable security payable at a particular day without interest, upon which, nevertheless, interest accrues after its maturity.

In this State there is no reported decision which determines the precise question before us ; and we feel free to adopt the rule which best commends itself to our judgment. There are some considerations of a practical kind, which would lead us to refuse the interest until after a demand, and perhaps a decision to that effect would not seriously conflict with the usages of business ; but we think the rule allowing interest is, upon the whole, better grounded in the principles and analogies of the law, and more consonant with the modern ideas in regard to interest, as exhibited both in jurisprudence and legislation. We adopt the rule allowing interest upon instalments of interest, overdue and remaining unpaid.

We think, however, that upon principle, where, at least, the note is like the one here in suit, the rule does not properly extend to interest accruing after the principal has matured. After that, both the accruing interest and the principal are due, not on a particular day, but every day, until they are paid. The amount of the judgment in this case, therefore, should be the amount of the principal of the note, with simple interest thereon to the present day ; and also the amount of the semi annual dues of interest, including that which accrued when the note became due, with simple interest thereon to the present day.