## CALVIN GOODRICH

*v.*

## REYNOLDS, WILDER & CO.

1. PLEADING—*plea must answer what it purports to answer.* It is a rule in pleading, that a plea must answer all that it purports to answer. If it purports to answer the whole declaration, and answers but a part, it is obnoxious to a demurrer.

2. So where a declaration in assumpsit contained the common counts and also a special count upon a promissory note, a plea which purported to answer the whole declaration but only answered the special count, was held bad on general demurrer.

3. Nor did the admission by the plaintiff, after the plea was filed, that the note was the sole cause of action, dispense with this rule of correct pleading.

4. RAILROAD COMPANIES—*promissory notes.* A railroad company have an inherent authority to take and negotiate a promissory note in the ordinary course of their business.

5. So, such company may take a promissory note in payment of capital stock subscribed in it.

6. But they cannot, as a branch of their business, deal in notes and bills of exchange—they can only make such paper subservient to the great design.

7. CORPORATIONS—*their organization—when it may be attacked.* The organization of a railroad company cannot be attacked collaterally, as, in an action by an assignee upon a promissory note executed to such company.

8. ASSIGNMENT *of a note given to a railroad company—by whom to be made.* A promissory note made payable to a railroad company, was assigned thus: "Sterling and Rock Island Railroad, per M. S. Henry, President." *Held,* that the assignment was, *prima facie,* the act of the company by their authorized officer.

Goodrich *v.* Reynolds, Wilder & Co.

9. ASSIGNMENT *of note — mode of questioning it.* If such assignment was not their act, it should have been denied by plea, verified by affidavit.

10. FRAUD — *misrepresentation — subscribers to stock of railroad, how affected by it.* Stock being subscribed in a railroad company, must be paid, notwithstanding the giving of a note therefor was induced by misrepresentations of the agents of the company, as to the amount of stock then subscribed, and the time within which the road would be completed.

11. PLEA OF FRAUD — *its requisites.* Moreover, a plea setting up such a defense would be defective, if it omitted to allege that those who made the false representations were authorized by the company to make them, and that they knew they were false when made.

12. A plea in an action on a promissory note, setting up that the maker was induced to give the note, by fraud and circumvention, should state distinctly in what the fraud and circumvention consisted.

13. ASSIGNEE OF NOTE — *want of consideration — requisites of plea.* In an action by an assignee upon a promissory note, alleged to have been assigned before maturity, a plea of want of consideration, to make the defense availing, should aver that the note was assigned after it became due.

14. DEMAND — *where a note is given for stock subscribed.* In an action on a note given upon a subscription to the stock of a railroad company, the defendant pleaded that no demand had been made of the amount of stock subscribed. *Held,* the company were under no obligation to make such demand.

15. USURY — *what constitutes.* The reservation of interest in a note, at the rate of ten per cent. per annum, *payable semi-annually,* is not usurious. The whole interest may be lawfully reserved in advance.

16. CORPORATIONS — *defects in their organization — how cured.* Irregularities or defects in the organization of a railroad corporation, may be cured by subsequent legislation. *Illinois Grand Trunk R. R. Co.* v. *Cook, Adm'r, etc.,* 29 Ill. 241.

APPEAL from the Circuit Court of Rock Island county; the Hon. IRA O. WILKINSON, Judge, presiding.

This was an action of assumpsit, instituted in the court below by Reynolds, Wilder & Co. against Calvin Goodrich. The declaration contained the common counts, and a special count upon a promissory note executed by Goodrich, on the 12th of August, 1857, to the Sterling and Rock Island Railroad Company, for the sum of five hundred dollars, payable five years from the first day of September following, with interest, at ten per cent., payable semi-annually.

The note was assigned before maturity, to the plaintiffs, by the "Sterling and Rock Island Railroad, per M. S. Henry, President."

The plaintiffs admitted that the note was the sole cause of action sued upon.

The defendant pleaded the general issue, and fourteen special pleas, as follows:

1. That said note was given in payment of five shares of the capital stock of said company, which defendant had theretofore subscribed for, being one hundred dollars per share, and that there was no other consideration for said note; and further avers, that said company had no power under its charter to make said contract by virtue of which it received said note, and that said note is void, because the said company had no power to receive said note in payment of their capital stock; all of. which the plaintiffs well ·knew at the time of receiving said note.

2. That said note was given in payment of five shares of the capital stock that the defendant had theretofore subscribed for; that the amount of the capital stock required to build and equip said road was $600,000, as appears by the Articles of Association, on file in the office of the Secretary of State, at Springfield. Said capital stock has not been subscribed for, nor has it been taken. All of which the plaintiffs well knew at the time of receiving said note.

3. That the said note was given in payment of five shares of the capital stock of said company, which the defendant had previously subscribed for; and that the $250,000 of the capital stock of said company, as required by the amendments to said charter, had not been subscribed for nor taken; all of which the plaintiffs well knew at the time they received said note.

4. That the said note was given in payment of five shares of the capital stock that the defendant had previously subscribed for to said company, and that the $250,000 of capital stock has not been subscribed for nor taken, and that the work on said road has been suspended, and the project of building said road has been abandoned; all of which the plaintiffs well knew at the time they received said note.

5. That the said note was given in payment of five shares of the capital stock that the defendant had previously subscribed for to said company; and further avers, that said company had no power, under its charter and the laws of the land, to receive, transfer and indorse said note; and that the said note and the indorsements thereon are in violation of the laws of the land, and are therefore null and void; all of which the said plaintiffs knew well at the time they received said note.

6. That the said note was given in payment of five shares of the capital stock that the defendant had previously subscribed for to said company; and further avers, that said Miles S. Henry had no power or authority, under the charter of said company or any amendments thereto, or by virtue of the laws of the State—nor had the said Miles S. Henry any authority from said company, as president or otherwise, nor had he any authority from the board of directors of said company—to transfer and indorse said note, as alleged in the plaintiff's declaration. The plea further avers, that the transferring and indorsing of said note was fraudulent and in violation of the laws of the State, and is therefore void. All of which the plaintiffs knew well at the time of receiving said note.

7. That the said note was given in payment of five shares of the capital stock that the defendant had previously subscribed for to said company; and further avers, that the defendant was induced to make, execute and deliver said note to said company by the false and fraudulent representations of said company, its officers and agents, in this, to wit: That before and at the time of the giving of said note, the said company, its officers and agents, falsely and fraudulently represented to this defendant, that all the capital stock required to build and equip said road had been subscribed for and in good faith taken; and that the said company was going to build and equip said road immediately; and that the cars would run through from Sterling to Rock Island within eighteen months or less from the date of said note. And the defendant, relying upon said representations, did make and deliver said note

to said company. And further avers, that the said capital stock has not been subscribed for, nor has the road been built, but the work on said road has been abandoned; and that said note was thus obtained by fraud from the defendant. All of which the plaintiffs well knew at the time they received said note.

8. That the said note was given in payment of five shares of the capital stock that the defendant had previously subscribed for to said company; and further avers, that the defendant was induced to make and deliver said note to said company, by the false and fraudulent representations of said company, its officers and agents, in stating that all the capital stock required to build, construct and procure the right of way and buy the motive power and every other equipment necessary to build and complete said road, had been subscribed for, and in good faith taken; and that the company would build and equip said road immediately, and that the cars would run through from Sterling to Rock Island within eighteen months or less from the date of said note; that he relied upon said representations as being true, and therefore was induced to, and did give said note. That said representations are untrue — that all of the capital stock has not been subscribed for, and that the said road has not been built, and that the company actually refuses to build said road—therefore, the consideration for said note has entirely failed. All of which the plaintiffs well knew at the time they received said note.

9. That said company obtained said note from the defendant by means of fraud and circumvention, and by false and fraudulent representations made by said company, its officers and agents, to the defendant at the time said note was given; all of which the plaintiffs well knew at the time they received said note.

10. That said note was obtained from the defendant by fraud, covin and misrepresentation of the company, its officers and agents; all of which said plaintiffs well knew at the time they received said note.

11. That the defendant never received any consideration whatever for said note; all of which said plaintiffs well knew at the time they received said note.

12. That there is no such corporation in existence, nor was there ever any such corporation; which fact the plaintiffs well knew at the time of receiving said note.

13. That the directors of said company never demanded of the defendant the amount of the capital stock by him subscribed; all of which the plaintiffs well knew at the time they received said note.

14. That the contract for the payment of interest on said note semi-annually, gives to the holder thereof a greater amount of interest or profit than ten cents, for the use of each and every dollar for each and every year, and is therefore contrary to the laws of the State; wherefore, such contract for the payment of such interest is void; all of which the plaintiffs well knew at the time they received said note.

The plaintiffs interposed a demurrer to each of the pleas, except the general issue, and the twelfth special plea, which was a plea of *nul tiel corporation.* The court sustained the demurrers, and thereupon the defendant withdrew the plea of the general issue and the twelfth special plea, and abided by the remainder of his pleas.

Whereupon, the court rendered final judgment upon the demurrer, for the amount of the note and interest, from which the defendant, Goodrich, took this appeal.

The assignment of errors questions the ruling of the court below in sustaining the demurrers to the special pleas, respectively.

Mr. Samuel Strawder, for the appellant.

Mr. A. Webster, for the appellees.

Mr. Justice Breese delivered the opinion of the Court.

It is a rule in pleading, universally recognized, that a plea must answer all that it professes to answer. If it purports to answer the whole declaration, and answers but a part, it is obnoxious to a demurrer. That is the case with all the special pleas in this record. The action was assumpsit, with a special

count on a promissory note, and the common counts. The pleas are to the whole declaration, whilst they answer only the special count. 1 Ch. Pleading, 555; *Snyder* v. *Gaither et al.*, 3 Scam. 92.

The fact that the plaintiffs admitted, after the pleas were filed, that the note was the sole cause of action, cannot dispense with the rule of correct pleading.

But the pleas are substantially defective in other particulars.

The first special plea questions the right of the railroad company to take a promissory note in payment of capital stock subscribed in it. In the case of *Frye* v. *Tucker et al.*, 24 Ill. 180, which was an action on a note executed to the Peoria and Oquawka Railroad Company, and assigned by indorsement of the secretary of the company, this court said that a railroad company have an inherent authority to take and negotiate a promissory note in the ordinary course of their business. By the general railroad law, stock subscriptions are payable by calls made, periodically, by the company on the subscribers. Should a subscriber wish to avoid these calls, by giving a note for the gross amount of the calls in a certain time, we see no reason why he should not be so indulged. It is a matter of contract with the company, and they may know in what manner they can make the note available in the prosecution of the work as so much money. They cannot, as a branch of their business, deal in notes and bills of exchange, but can make such paper subservient to the great design. It is an indulgence to a subscriber thus to extend the time of payment to him, of which he should not, however much other paying subscribers might, complain. The charter of the Illinois River Railroad Company required each subscriber to pay ten per cent. at the time of his subscription. In a suit brought on a subscription to its stock, the defendant set up, as a defense, the fact that the company had not required the payment of this ten per cent. This court said, the defendants cannot be allowed to take advantage of the indulgence extended to them when they made their subscriptions, for the purpose of repudiating them. This indulgence is a most

ungracious defense, which should not be allowed unless it is strictly required by some inflexible rule of law. *Illinois River R. R. Co.* v. *Zimmer*, 20 Ill. 657. With much greater force can these views be urged in this case, where the plaintiff sues as assignee, claiming the note by assignment, and which the plea admits was given for the stock subscribed.

The second, third, fourth and fifth special pleas, attack the organization of the company and call in question its legality. We have said, in the case of *Rice* v. *The Rock Island and Alton R. R. Co.*, 21 Ill. 95, that a party cannot be permitted in this collateral way to question the organization of the company, and this in an action brought directly by the company. A *bona fide* assignee should be in as good a position.

The sixth special plea questions the power of the president of the company to assign the note. In the case of *Frye* v. *Tucker et al.*, before cited, this court held that the assignment was *prima facie* the act of the company by their authorized officer, and if it was not their act, it should have been denied by affidavit. *McIntire* v. *Preston*, 5 Gilm. 60. There is no plea verified by affidavit putting this assignment in issue.

The eighth and ninth pleas aver that the note was given for certain shares of stock in the railroad company, which were subscribed for at a time long anterior to the execution of the note, and which was in payment for the stock. The stock being subscribed, it must be paid for, notwithstanding any false representations made at the time of the execution of the note. Besides, the pleas do not allege that those who made the false representations were authorized by the company to make them, or that they knew they were false when made. *White* v. *Watkins*, 23 Ill. 482.

The fraud and circumvention by which the defendant was induced to give the note, are not stated in the ninth plea, and it is defective on that account. The plea should state distinctly in what the fraud and circumvention consisted; and the same objection lies to the tenth plea. The eleventh plea avers a want of consideration for the note. This suit being brought by an assignee of the note, to avail of this defense, the plea

should aver that the note was assigned after it became due. There is no such averment, and consequently the assignee cannot be affected by it. It is no defense as to him, for the declaration shows that the note was assigned before due.

The defense, under the twelfth plea, of *nul tiel corporation* was withdrawn, as appears by the record, and also the plea of the general issue.

The thirteenth plea avers that the directors of the company never demanded of the defendant the amount of stock he subscribed. We are not aware of any obligation resting upon the company to make such demand. It was the defendant's duty to pay the note, which being done, he could demand certificates of stock.

The remaining plea sets up usury in this, that the interest was made payable semi-annually. It has long been settled, such reservation is not usurious. *McGill et al.* v. *Ware*, 4 Scam. 21. The whole interest may be lawfully reserved in in advance. *Manhattan Co.* v. *Osgood*, 15 Johns. 162; *New York Fire Ins. Co.* v. *Ely*, 2 Cowen, 678.

As to all the pleas questioning the legality of the organization of the company, reference is made to the case of *Grand Trunk Railway Co.* v. *Cook*, 29 Ill. 237, as decisive of these. Seeing no error in the record, the judgment must be affirmed.

*Judgment affirmed.*

