Leonard v. Cox.

GURDON LEONARD, APPELLANT, v. BARTHOLOMEW COX AND ELIZABETH B. COX, APPELLEES.

1. **Usury:** EVIDENCE.  On the case made, *Held*, That the proof failed to establish the defense of usury.

2. ———.  To constitute usury, there must be a contract between the lender and borrower, by which the lender receives or reserves a greater rate of interest than the maximum allowed by law.

APPEAL by plaintiff from a decree of foreclosure granted in his favor, but for less than the amount claimed, in the district court of Lancaster county. Tried below before POUND, J.

*Brown & Marshall*, for appellant.

*Mason & Whedon,* for appellees.

MAXWELL, CH. J.

This is an action to foreclose a mortgage. The defense is usury. The court below, without a finding as to usury in the contract, rendered a decree in favor of the plaintiff for the balance of the principal due, without interest or costs. The plaintiff appeals to this court. It appears from the record that the plaintiff is a resident of Janesville, Wisconsin, and that the defendants are residents of this state; that about the first of May, 1876, the plaintiff, being in Lincoln, entered into a contract with the defendant, Bartholomew Cox, to loan him $1,500, to be secured by mortgage on real estate, for the term of one year, at 12 per cent interest, payable in advance, the money to be paid on receipt of the note and mortgage after the plaintiff's return to Wisconsin. It also appears that the plaintiff returned home about the first of May of that year, and on the fifteenth day of that month received from the defendants the note and mortgage in question. The following is a copy of the note:

"$1701.50.          LINCOLN, NEB., May 8, 1876.

"One year after date, for value received, I promise to pay to the order of G. Leonard seventeen hundred and one 50–100 dollars, at Lincoln, with interest at 12 per cent per annum from maturity until paid, together with a sum equal to ten per cent of said amount as attorney's fees if action is brought on this note or on the mortgage to secure the same, or if the same is not paid when due.

"BARTHOLOMEW COX."

The following sums were paid on the note, to-wit: June, 3, 1879, $400; Dec. 1, 1879, $400. The decree

appealed from was for the sum of $700. The money loaned was paid by the plaintiff to the defendant as follows: May 15, 1876, $800; May 19, 1876, $500; June 14, 1876, $200; the plaintiff stating that he was unable to obtain the full amount of the loan before the times stated.

If it clearly appeared from the testimony that by the terms of the contract between the parties the money, or a part of it, was not to be paid by the plaintiff to the defendant until some time after the delivery of the note and mortgage, while they were to draw interest from date, the contract would thereby be tainted with the vice of usury. But in our opinion the testimony entirely fails to show that such was the contract. The fact that the whole amount of money loaned was not, at the time of the delivery of the note and mortgage, paid, seems to have been caused from the inability of the mortgagee to procure it, and not from any contract that it should not be paid. So with regard to the date of the note and mortgage, the plaintiff swears positively that he had nothing to do with dating them May 8, 1876. And his testimony upon that point is not overcome by that on the part of the defendant. The burden of proving usury when denied, like any other defense, rests upon the party alleging the same. To constitute usury there must be a contract between the lender and the borrower, by which the lender receives or reserves a greater rate of interest than the maximum allowed by law. *Richards v. Kountze*, 4 Neb., 205-6. Where this is proved it makes no difference whether the excess was taken as a bonus, or is secured by any other corrupt agreement, device, or shift, the penalties attached to usury will be enforced. No question is made by the appellees as to 12 per cent interest nor the payment of the same in advance. The sole ques-

tion, therefore, is, does the evidence establish an usurious contract? and as in our opinion it fails to do so, the judgment of the district court is reversed, and a decree will be entered in this court for the face of the note, less the payments, together with interest on the amount due at 12 per cent, attorney's fees, and costs of suit, and in default of payment that the mortgaged premises be sold.

DECREE ACCORDINGLY.