THE NEW ENGLAND MORTGAGE SECURITY CO., PLAINTIFF IN ERROR, V. JAMES M. SANDFORD ET AL., DEFENDANTS IN ERROR.

1. **Usury:** ANSWER SETTING UP. An answer containing a plea of usury should state with whom the usurious contract was made, its nature, and the amount of usurious interest agreed upon or received.

2. ———. Evidence examined and held not to prove usury.

ERROR to the district court for Adams county. Tried below before MORRIS, J.

*Dwight Hull*, for plaintiff in error.

*A. H. Bowen*, for defendants in error.

46

MAXWELL, J.

This action was brought in the district court of Adams county to foreclose a mortgage, the amount claimed to be due thereon being the sum of $250, with a small amount of interest. The defendant Sandford filed an answer to the petition as follows: "The defendant, James M. Sandford, answering for himself, states that the note mentioned and described in plaintiff's petition was given to plaintiff in pursuance of an agreement between said plaintiff and said defendant, that said plaintiff should lend the defendant money at the rate of ten per cent per annum." "2. That the defendant received from the plaintiff one hundred and ninety-eight dollars, $198.50 only as consideration for the said note, the plaintiff retaining fifty-one dollars $51.50" as interest thereon. "3. And defendant further answering, says that he paid to said plaintiff the sum of one hundred dollars $100, for which he is entitled to credit on said note," etc.

On the trial of the cause the court below found there was usury in the transaction, and deducted $100 the amount of interest paid by the defendant, from the principal and refused to allow the plaintiff interest and costs. The plaintiff filed a petition in error, and now insists that the answer does not constitute a plea of usury.

To constitute an usurious contract there must be a loan, and there must be an intent to take usurious interest. *Pomeroy v. Ainsworth*, 22 Barb., 118. *Reed v. Coale*, 4 Ind., 283. 2 Parsons N. & B., 405.

Both parties must concur in this intent; the borrower to give and the lender to accept usurious interest. *State Bank v. Coquillard*, 6 Ind., 232. *Evans v. Negley*, 13 S. & R., 218. *Leavitt v. DeLanny*, 4 Conn., 364. *Agr. Bank v. Bissell*, 12 Pick., 586. *Bank v. Waggener*, 9 Peters, 378. *Lloyd v. Scott*, 4 Id., 205. The intent which is essential, is not intent to violate the statute but to take more

than the rate fixed by law.  Abbott's Tr. Ev., 793.  *Fiedler v. Darrin*, 50 N. Y., 437.  The intent may be deduced from the facts proved, as by the reservation of interest in excess of the legal limit.  Abbott's Tr. Ev., 793.  But the proof cannot make a stronger defense than the answer in the case. It is therefore essential in pleading usury, to state with whom the usurious agreement was made, its nature, and the amount of usurious interest agreed upon or received. *Manning v. Tyler*, 21 N. Y., 567.  Maxwell Pl. (3 ed.), 105.

The court will not presume that the parties intended to evade the law, but there must be an allegation to that effect. The answer in this case is clearly insufficient in that regard. But even if the answer had been sufficient the proof entirely fails to sustain the plea of usury.   The following is the evidence:

James M. Sanford, one of the defendants, being sworn in his own behalf, questioned by Mr. Bowen, testified as follows:

Q.   You are a defendant in this case?

A.   Yes, sir.

Q.   You may state how much money you received from the plaintiffs in this case upon this note that was sued here, for $250.00?

A.   I received $198.50.

Q.   Was that the only consideration for this note?

A.   Yes, sir, it was.

Q.   State how much you have paid upon this note?

A.   I have paid four coupons of $25.00 each, annually, making $100.

Q.   State whether that was paid prior to the commencement of this action?

A.   It was.

CROSS-EXAMINATION, BY MR. SMITH.

Q.   Who did you get this money of?

The defendants object to this question for the reason

that the plaintiffs are estopped from denying their own petition, and that it is not in issue, and not the best evidence, which objection is sustained by the court, and the plaintiff's exception noted to the ruling of the court.

Q.   State whether, as a matter of fact, you ever got any money directly from the New England Mortgage and Security Company?

The defendants object to the question for the reason that it is immaterial, irrelevant, and incompetent, which objection is sustained by the court, and the plaintiff's exception noted to the ruling of the court.

Q.   Where were you when you got the money?

The defendants object to the question for the reason that it is immaterial, incompetent, and irrelevant, and not in issue, which objection is sustained by the court, and the plaintiff's exception noted to the rulings of the court.

Q.   Who was present when you obtained the amount of money you speak of?

The defendants object to the question for the reason that it is immaterial, incompetent, and irrelevant, and not covered by the pleadings, which objection is sustained by the court, and the plaintiff's exception noted to the rulings of the court.

Q.   Where did you get the money that you speak of having got for the signing of that note?

The defendants object to the question for the reason that it is immaterial, irrelevant, and incompetent, and not covered by the pleadings, which objection is sustained by the court, and the defendants' exception noted to the ruling of the court.

Q.   Where were you when you signed the note in controversy in this suit?

The defendants object to the question for the reason that it is immaterial, irrelevant, and not in controversy in this suit, and is admitted by the pleadings, which objection is sustained by the court, and the plaintiff's exception noted to the rulings of the court.

Q. To whom did you pay the amount you spoke of as having paid?

A. I will be blamed if I know. I know I sent it a part of the time, once or twice by mail, and as they sent me the coupons, and once or twice I paid it here in Hastings, to McIntyre.

Q. By the court. Have you the coupons?

A. No, sir, I destroyed them.

No cross-examination of the defendant on material points was permitted, nor were the defendants permitted to introduce any evidence to disprove usury. The case was tried upon a mistaken view of the law and a new trial must be had.

The judgment of the district court is reversed, and the cause remanded for a new trial.

REVERSED AND REMANDED.

THE other judges concur.