| 33 | 409 |
|----|-----|
| 36 | 152 |
| 33 | 409 |
| 50 | 788 |
| 33 | 409 |
| 56 | 454 |

ANGLO-AMERICAN LAND, MORTGAGE & AGENCY CO., LTD., APPELLANT, V. MARY BROHMAN ET AL., AP-PELLEES.

[FILED NOVEMBER 11, 1891.]

Usury: HOW PLEADED. An answer setting up the defense of usury must state the particular facts of the alleged agreement in order that the court may see that it was in violation of the statutes of the state. It is not sufficient to allege that the "bond * * was given in payment of usurious interest by a contract for the payment of the same."

APPEAL from the district court for Merrick county. Heard below before POST, J.

D. H. Ettien for appellant, cited, on the question of usury: New Eng. Mtg. Sec. Co. v. Sanford, 16 Neb., 691; Nichols v. Fearson, 7 Pet. [U. S.], 103; Richards v. Kountze, 4 Neb., 205; Hager v. Blake, 16 Id., 13; Kirkpatrick v. Henson, 1 S. Rep. [Ala.], 192; Munter v. Linn, 61 Ala., 492; English v. Smock, 34 Ind., 132; Mowry v. Bishop, 5 Paige [N. Y.], 102; Monnett v. Sturges, 25 O. St., 384; Meyer v. Muscatine, 1 Wall. [U. S.], 391; Mitchell v.

*Mortgage Co.,* 110 Ill., 235; *Mitchell v. Lyman,* 77 Id., 525; *Fleckner v. Bank,* 8 Wheat. [U. S.], 339; *Mathews v. Toogood,* 23 Neb., 536; *Tepoel v. Saunders Co.,* 24 Id., 815.

*J. C. Martin, contra.*

MAXWELL, J.

This is an action to foreclose a mortgage on real estate. On the trial of the cause the court found the issues in favor of the defendant and dismissed the action. The court made special findings as follows:

"On the 31st day of October, 1885, the defendant Mary Brohman borrowed from the Lombard Investment Company the sum of $1,300, for which she executed her promissory note, due seven years after date, at six per cent interest per annum, payable semi-annually, the interest being represented by coupons attached to said note, due at intervals of six months, the first maturing May 1, 1886, and all providing for interest at ten per cent per annum after due.

"II. To secure the $1,300 note above described, defendant Mary Brohman and her husband, on the 31st day of October, 1885, executed to the Lombard Investment Company their mortgage upon the premises described in the petition, and in said mortgage it is provided, among other things, that the borrower has the option of paying $100, or any number of hundreds of dollars, of the principal sum at the maturity of any interest coupon on or after November 1, 1888.

"III. On the said 31st day of October, 1885, and as a part of the same transaction, and as a further consideration for the use of said sum of $1,300, the said defendant executed to said Lombard Investment Company the note, or bond and mortgage, involved in this action, for $364, due in two years after date, or on the 1st day of November,

1887, and bearing interest at ten per cent per annum after maturity.

"IV. By the agreement aforesaid between defendants and the said Lombard Investment Company the aforesaid sum of $364 represents interest on the principal sum of $1,300, loaned to defendant on said October 31, 1885, at four per cent per annum, for the full period of seven years, and that there was no consideration therefor.

"V. The note or bond last above described was indorsed in blank by the Lombard Investment Company, and by it transferred and delivered to this plaintiff before the commencement of this action, and plaintiff is now the owner and holder thereof.

"VI. Said bond, or note and mortgage, were not purchased by plaintiff in the usual course of business, before due, for value.

"And the court further states the following conclusions of law:

"I. The plaintiff, the Anglo-American Land, Mortgage & Agency Company, Limited, is not a *bona fide* owner or holder of the note, or bond and mortgage, in question.

"II. That the said note, or bond and mortgage, are usurious.

"III. That the equities herein are with the defendant.

"IV. That the only relief sought in this action is the recovery of interest on a usurious contract, and that the petition should be dismissed.

"It is therefore by the court here ordered and decreed, that the plaintiff's petition herein be dismissed, and that the defendants have and recover of and from the plaintiff the costs herein expended, taxed at $——."

The question presented is the sufficiency of the answer to sustain the defense of usury. The answer is as follows:

"Now comes the defendants Mary Brohman and W. D. Brohman, and in answer to the plaintiff's petition admits:

"I. That these defendants did legally execute and de-

liver to the Lombard Investment Company, a corporation, the bond and mortgage as set forth in plaintiff's petition at the time therein set forth, and that said bond was duly recorded as set forth in said petition.

"II. These defendants further answering, allege that at the time of the execution and delivery of the mortgage and bond set forth in said petition, and as a part of the same entire transaction, these defendants executed and delivered to said Lombard Investment Company another mortgage to secure the payment of a certain bond and coupons thereto attached, at the same time executed and delivered to said Lombard Investment Company. Plaintiff alleges that the bond on which this action is brought was given for payment of certain interest upon the principal sum of the other bond herein set forth.

"III. These defendants further allege that the bond upon which this action is brought was given in payment of usurious interest by a contract for the payment of the same by and between the said Lombard Investment Company and these defendants.

"IV. Defendants further answering, deny each and every other allegation in said plaintiff's petition contained.

"V. That the plaintiff herein is not a *bona fide* purchaser for value before maturity of the bond and mortgage upon which this action is brought.

"These defendants therefore pray that there may be found to be nothing due the plaintiff herein from these defendants on this cause of action, and that the plaintiff's mortgage may be stricken from the records as a lien against the property in controversy in this action, and that plaintiff be adjudged to pay the costs of this suit."

It is a familiar rule that an answer setting up the defense of usury must state the facts of the alleged agreement, to the end that the court may see that the agreement was in violation of the statute. It is not sufficient to allege that the " bond   *   *   *   was given in payment of usu-

rious interest by a contract for the payment of the same," etc.

It is very clear that the answer in this case falls far short of stating an usurious contract, and therefore it is insufficient.

There is considerable testimony in the record upon the question of the consideration for the notes in question.

We will, therefore, *pro forma*, reverse the judgment and remand the case to the district court, with directions to permit an amended answer to be filed containing a sufficient plea of usury and such other defenses as the party may have, and for further proceedings.

JUDGMENT ACCORDINGLY.

THE other judges concur.