## FRED MILLER BREWING COMPANY
### v:
### LOUIS W. UTZ.

*Negotiable Instruments—Notes—Execution—Fraud and Circumvention as to.*

1. The facts constituting fraud must be set forth when the same is alleged in a plea.

2. Only proof of such fraud as was described in a plea alleging fraud can constitute a defense in a given case.

[Opinion filed December 8, 1892.]

APPEAL from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding.

Mr. ELISHA WHITTLESEY JR., for appellant.

Mr. JULIUS ANDREE, for appellee.

MR. JUSTICE WATERMAN.   This was an action brought by appellant upon two promissory notes made by appellee.

As to one of these notes appellee pleaded that its execution was obtained by the fraud *or* circumvention of the plaintiff, and set up certain alleged false and fraudulent representations, whereby he, the said defendant, was induced to execute the said note.   As to the other note there was only the plea of the general issue.

Upon the question of fraud and circumvention there was evidence as to only the note concerning which the special plea was filed.

Under those pleas and such evidence the court gave the following instruction:

"The court instructs the jury that if they believe from the evidence that fraud or circumvention was used by the plaintiff in the obtaining, the making or executing either of the notes offered in evidence in this cause, that such fraud or circumvention is a bar to this action, and if you believe from a preponderance of the evidence that fraud or circumvention was practiced on the defendant in the execution of said note, that they shall find the issues for the defendant as to the note so obtained."

This instruction is clearly erroneous.   Whatever fraud or circumvention may have been used in the obtaining of one of the notes, such fraud or circumvention would constitute no bar to an action upon the other note, as to which neither fraud nor circumvention was alleged or proved.   The instruction is otherwise objectionable.   Only the proof of such fraud as was described in the special plea filed could constitute a defense even to that note.

The jury should not have been permitted to take into consideration any fraud or circumvention other than that set forth in such special plea.

The facts constituting fraud must, when it is alleged in a plea, be set forth.   Goodrich v. Reynolds et al., 31 Ill. 490.

The judgment of the court below will be reversed and the cause remanded.

*Reversed and remanded.*