EMMA H. ROSE v. C. C. MUNFORD, APPELLANT, IM-
PLEADED WITH WHITFIELD SANFORD, APPELLEE,
ET AL.

FILED JANUARY 18, 1893.   No. 4537.

1. **Usury.** An agreement to pay annually in advance the highest
legal rate of interest for the use of money, does not make the
contract usurious.

2. ———: COUPON NOTES: INTEREST.   Where a party loans money
at the maximum rate allowed by statute and coupon notes are
taken for the interest, which stipulate that interest shall be al-
lowed thereon after maturity, at ten per cent, the contract is
not thereby tainted with the vice of usury.   In such case no in-
terest will be allowed on such coupons.

3. ———: PLEADING: EVIDENCE.   *Held,* That the answer does not
allege sufficient facts to constitute a plea of usury, and that the
evidence fails to prove that the contract was usurious.

APPEAL from the district court of Saunders county.
Heard below before POST, J.

*S. H. Sornborger,* for appellant.

*H. Gilkeson* and *J. R. Gilkeson, contra.*

NORVAL, J.

This action was brought by Emma H. Rose to foreclose a
mortgage executed by C. C. Munford and wife.   To the
suit Whitfield Sanford, W. H. Dickinson, and others
were made parties defendant.   Sanford filed an answer
and cross-petition, setting up his mortgage on the prem-
ises given by the Munfords, and Dickinson likewise filed
an answer and cross-petition, setting up his mortgage made
by the same parties.   To the cross-petition of Dickinson,
Munford answered, pleading duress.   To Sanford's cross-
petition Munford filed an answer which, after admitting

the execution of the notes and mortgage, alleges "that all of the consideration of any kind that this defendant received or had from any person or persons whomsoever, for the said notes and mortgage, was the sum of $641.15, paid by the said Sanford to one N. H. Bell on or about March 27, 1885, for the defendant, and the further sum of $358.85, paid by the said Sanford to W. H. Dickinson on or about March 27, 1885, for this defendant; that this defendant received no other or further sums of money from the said Sanford (than those above) for the said notes and mortgage; that at the time the said money was paid for this defendant, as aforesaid, this defendant owed to one Charles W. Sanford, the son of said defendant W. Sanford, a small sum on a promissory note dated January 9, 1884, due in ninety days, given for $168, with ten per cent interest from maturity thereof, which said promissory note had indorsed thereon the following, to-wit, ' Paid interest to date and $68 principal April 19, 1884,' a portion of said promissory note being usury, but the exact amount thereof is unknown to this defendant ; that at the time of the payment of said money as aforesaid in March, 1885, the said Sanford, defendant, turned over said note to the aforesaid N. H. Bell, who still holds the same, but as to whether the said Sanford considers he had paid or released the said note is to this defendant unknown, but if the said Sanford did pay the said note, the total amount of consideration received by this defendant for the said note and mortgage to said Sanford given does not exceed at the most the sum of $1,100, and interest at ten per cent per annum on $100 from April 19, 1884, to the date of said note and mortgage, January 1, 1885, or less than $1,107.50 in all; that this defendant has received no other or further consideration for the said notes and mortgage than as stated."

Sanford for reply denies every allegation in said Munford's answer contained.

At the trial the court below found the issues in Sanford's favor, and gave him a first lien on the mortgaged property, and also as between Munford and Dickinson, in favor of the latter.   A decree was rendered foreclosing all the mortgages.   Munford appeals from the findings and decree entered in favor of Sanford.

The first contention of appellant is that the contract entered into between Munford and Sanford is usurious upon its face.   The mortgage was given to secure a principal note for $1,186.85, bearing date January 1, 1885, due ten years from date with ten per cent interest after maturity thereof, and nine interest coupon notes, each for the sum of $118.68; one due and payable on the first day of January, 1886, and one maturing on the first day of January of each year thereafter, each bearing interest at the rate of ten per centum from maturity.   There was also another note for $118.68, due January 1, 1886, drawing ten per cent interest from date until paid.   This last note was given for the first year's interest.   It will be noticed that the interest coupons were so drawn as to require the borrower to pay interest annually in advance.   It is urged that this makes the contract usurious, since the interest stipulated for is the maximum rate allowed by law.

Section 1, chapter 44, Compiled Statutes, declares that "any rate of interest which may be agreed upon, not exceeding ten dollars per year upon one hundred dollars, shall be valid upon any loan or forbearance of money, goods, or things in action; which rate of interest so agreed upon may be taken yearly, or for any shorter period, or in advance, if so expressly agreed."

The construction placed upon the above provision by counsel for appellant is that when the loan is for a longer period than a year at the highest rate, the interest may be taken annually, but not in advance.   In other words, interest can be lawfully taken in advance only when the contract is to be performed within a year.   We do not yield

assent to such interpretation. The words used by the legislature have no such meaning. The statute provides that when it is so agreed interest "may be taken yearly, or for a shorter period, or in advance." The right to stipulate that the borrower shall pay interest in advance does not depend upon the time the loan runs. To hold that it does, would be interpolating words into the statute. The agreement in this case to pay interest annually in advance does not taint the transaction with usury. (*Leonard v. Cox*, 10 Neb., 541; *McGill v. Ware*, 4 Scam. [Ill.], 21; *Goodrich v. Reynolds*, 31 Ill., 490; *Mitchell v. Lyman*, 77 Id., 525; *Hoyt v. Pawtucket Institution for Savings*, 110 Id., 390; *Telford v. Garrels*, 24 N. E. Rep. [Ill.], 573; *Manhattan Co. v. Osgood*, 15 Johnson [N. Y.], 162.)

It is the settled law of this state, when a party loans money at the highest legal rate, and coupon notes are taken for the interest, which stipulate that interest shall be allowed thereon after maturity at the maximum rate, that the contract is not thereby rendered usurious, but that no interest will be allowed on such coupons. (*Hayer v. Blake*, 16 Neb., 12; *Mathews v. Toogood*, 23 Id., 536, 25 Id., 99; *Richardson v. Campbell*, 27 Id., 644.)

. We agree with appellee that the answer does not allege sufficient facts to constitute the defense of usury. To make a contract usurious there must be an agreement between the borrower and lender by which the latter receives or reserves a greater rate of interest than the law allows. There must be an intent on the part of the borrower to give and of the lender to receive interest in excess of the legal limit. (*Leonard v. Cox*, 10 Neb., 541; *New England Co. v. Sanford*, 16 Id., 689.)

Testing the answer by the above rule the pleading is clearly insufficient. The facts alleged therein do not show that the contract was usurious, nor can it be inferred from the facts stated that there was an intent to evade the law on the subject of usury. It fails to aver the rate of in-

terest agreed·upon. True, the·answer sets up the ·amount of money received by Munford on the loan, but it does not state that the difference between the amount so received and the face of the note was intentionally retained by Sanford as interest, nor can any such a conclusion be properly drawn from the facts alleged. As was said by the present chief justice in his opinion in the *New England Co. v. Sanford, supra:* "The proof cannot make a stronger defense than the answer in the case. It is, therefore, essential in pleading usury to state with whom the usurious agreement was made, its nature, and the amount of usurious interest agreed upon or received. The court will not presume that the parties intended to evade the law, but there must be an allegation to that effect." (*Anglo-American L. M. & A. Co. v. Brohman,* 33 Neb., 409.)

The defense of usury is not made out by the evidence. Appellant insists that he only borrowed $1,000, and that the difference between that sum and the face of the note was reserved at the time by C. W. Sanford, the son and agent of appellee, as a bonus. This the appellee denies. It is undisputed that of the sum borrowed, $358.85 were paid by appellant's directions to W. H. Dickinson, and the further sum of $641.15 was likewise by Munford's orders paid to N. H. Bell, to apply on a note and mortgage given by Munford to Mrs. Rose. The money was borrowed for the purpose of making these payments, and appellant admits that $1,000 of the money was so applied. It is also conceded that appellant was indebted to said C. W. Sanford on a promissory note calling for $168 and interest, on which had been paid $68 and interest to April 19, 1884. There is in the record evidence tending to establish that said C. W. Sanford also held a $30 note against appellant, and that both of these notes were paid out of the loan made by appellee to Munford. C. W. Sanford testified that he was paid out of the money borrowed $186.85 in satisfaction of these two notes. From

the evidence we think that it is more than probable that these two notes held by C. W. Sanford were usurious. It is evident that more than the statutory rate of interest must have been computed on these notes to have amounted to $186.85. But the fact that usurious interest was charged on these notes does not taint the transaction between Munford and Whitfield Sanford with the vice of usury. The two transactions were entirely separate and distinct.

Lastly, it is insisted that the contract is usurious because the money was not paid over until some time after January 1, 1885, the date of the note, and from which time interest began to run on the loan. It appears that the understanding between the parties was that Sanford was to make the loan and furnish the money on the 1st day of January, 1885, and by Munford's directions the papers were drawn up and dated that day. The loan was not closed at that time for the reason that the mortgages of W. H. Dickinson and Mrs. Rose on the property had not been released of record. The agreement when the loan was negotiated was that Sanford should have the first lien on the premises. The Dickinson mortgage was not released until January 12, on which date $358.85 were advanced on the loan. The Rose mortgage was not released until March 28, when the balance of the money was paid by Sanford. There is no foundation in the evidence for the charge that the notes and mortgage given to Sanford were dated back or that the money was withheld by Sanford for the purpose of obtaining a higher rate of interest than the statute permits. That the money was not paid earlier was the entire fault of appellant in not sooner procuring releases of prior incumbrances. The defense of usury is not established. There being no error in the record the judgment of the court below is

AFFIRMED.

MAXWELL, CH. J., concurs.

POST, J., having presided in the court below, did not sit.