## N. A. RAINBOLT v. A. L. STRANG.

FILED FEBRUARY 8, 1894.    No. 4824.

1. **Pleading**: DEFENSE OF USURY.    The Code of Civil Procedure provides that a pleader shall state facts and not conclusions; and it is essential to a plea of usury that it state with whom the agreement alleged to be. usurious was made, when made, where made, and the facts which it is alleged make the transaction usurious.    It must also state the amount of interest agreed to be paid, taken, or reserved, or that was paid, taken, or reserved, in the transaction.

2. ———.    This was a suit on a contract.    The answer of the defendant, set out in the opinion, *held*, not to state facts sufficient to constitute the defense of usury.

ERROR from the district court of Douglas county.    Tried below before HOPEWELL, J.

*Brome, Andrews & Sheean,* for plaintiff in error, cited: *Blain v. Wilson,* 32 Neb., 302; *McArthur v. Schenck,* 31 Wis., 673.

*Montgomery & Montgomery, contra.*

RAGAN, C.

N. A. Rainbolt sued A. L. Strang in the district court of Douglas county for damages for his failure to purchase of Rainbolt certain certificates of stock of the Norfolk Water-Works Company. Strang's contract of purchase was in writing and as follows:

"December 4, 1888, for value received, I, A. L. Strang, of Omaha, Nebraska, do hereby agree to purchase and pay for, within ninety days from this date, certificate No. 10 and certificate No. 29, one for five and the other for four shares, of $100 each, in the Norfolk Water-Works Company, the sum of $300, and on payment of said sum within said date, I am entitled to said certificates, the same having been issued to me and by me indorsed to N. A. Rainbolt to whom this agreement is made.

"A. L. STRANG."

Rainbolt alleged in his petition the tender of the certificates to, and demand of, Strang that he comply with his contract, his refusal so to do, and that such certificates were of no value. He tendered them in court to Strang and prayed judgment in his petition for $300 and interest.

Strang answered the petition as follows:

"Now comes the defendant and, answering plaintiff's petition, alleges the fact to be that said writing and agreement is wholly without consideration, and was delivered by the defendant to the plaintiff under the following circumstances, to-wit: On or about the 4th day of December, 1888, and prior thereto, one C. G. Miller, of Norfolk, Nebraska, had advanced money for this defendant and to whom this defendant was at that time indebted in the sum

of $5,000, which amount this defendant was at that time unable to pay to said Miller. Said Miller was then in need of money and was compelled to pay usurious interest to the Norfolk National Bank, of Norfolk, Nebraska, of which the plaintiff herein is president, he, said Miller being required to pay interest at the rate of one and one-half per cent each month, upon money that he was at that time and had been borrowing from said plaintiff, and his bank. On said date mentioned, this defendant entered into an agreement with the plaintiff that the plaintiff and his bank should loan to the said C. G. Miller such sums of money as he should require, at the rate of eight per cent interest; and that this defendant, in consideration of the said bank and the said plaintiff accommodating the said Miller with loans at the said rate of eight per cent interest, then and there agreed to and did execute to the said plaintiff a note or acceptance bearing said date for the sum of $300, due ninety days after date, and at the same time this defendant delivered to the said plaintiff, as collateral security to said note, nine shares of stock, being the two certificates of stock in the Norfolk Water-Works Company, mentioned in plaintiff's petition, and at the request of the plaintiff executed the agreement set up by plaintiff in his petition.

"This defendant alleges the fact to be that said plaintiff still holds the said promissory note or acceptance above mentioned, as well as the said certificates of stock and the said agreement in writing mentioned in plaintiff's petition; that they are wholly without consideration and were executed contemporaneously by this defendant and accepted by the said plaintiff for the sole and only purpose of inducing the plaintiff and his bank to forbear charging the said Miller a usurious rate of interest and in order that a usurious interest might be received of this defendant for the said loan to said Miller."

To this answer Rainbolt replied by a general denial.

The case was tried to a jury, and at the conclusion of the

testimony the court instructed the jury to return a verdict for Strang. Rainbolt's motion for a new trial was overruled, a judgment rendered upon the verdict, and the case is here on error.

On the trial to the jury, counsel for Rainbolt objected to the introduction of any evidence on behalf of Strang, for the reason that his answer did not state facts sufficient to constitute a defense. This objection was overruled and Rainbolt excepted.

The only error assigned here which we shall notice is the ruling of the court holding that the answer stated facts sufficient to constitute a defense. This answer attempts to state two defenses: First, no consideration for the contract sued on. It will be observed that Strang alleges that the money he promised to pay for the stock certificates was $300, represented by the note given to Rainbolt in consideration that he would lend Miller money at eight per cent interest and would forbear charging him usurious rates of interest. This contract, then, was not without consideration to support it when made. The answer does not allege that Rainbolt did not lend Miller money at the rate agreed, and does not allege that Rainbolt did not comply with his agreement not to charge Miller usurious rates of interest, and hence does not show a failure of consideration. The second defense attempted to be set up by Strang in his answer is that the $300 note he gave Rainbolt, and secured by stock certificates, was for money in the nature of a bonus agreed to be paid Rainbolt for money he was to lend Miller at eight per cent, which interest, added to the $300, would render the loan to Miller usurious. But Strang does not allege how much money Rainbolt agreed to lend Miller, nor whether he did lend him any; nor does he allege what length of time the loan which Rainbolt was to make Miller was to run. For anything that this answer shows, Rainbolt may have agreed to and may have loaned Miller $5,000, the amount Strang

owed him for three years, at eight per cent interest per annum.    If he did so, the interest paid or promised to be paid by Miller, added to the $300 promised to be paid by. Strang, would not taint the transaction with usury.    The Code of Nebraska provides that a pleader shall state the facts and not conclusions, and it is essential to a plea of usury that it state with whom the agreement alleged to be usurious was made, when made, where made, and the facts which it is alleged make the transaction usurious.    It should also state the amount of interest agreed to be paid, taken, or reserved, or that was paid, taken, or reserved, in the transaction. (*Manning v. Tyler*, 21 N. Y., 567; *New England Mortgage Security Co. v. Sandford*, 16 Neb., 689.) The answer of Strang, then, is bad for want of these essential allegations, and being thus defective, and no application to amend it on the trial so as to present a defense having been made, no evidence should have been admitted in his behalf under it.    The judgment must be reversed and it is so ordered.

REVERSED.