ORTHA C. BELL, RECEIVER, V. ROBERT K. STOWE ET AL.

FILED MARCH 5, 1895.    No. 6454.

1. **Usury: PLEADING.**  To constitute a plea of usury there must be a statement of the contract claimed to be usurious, with whom it was made, its terms and character, and the amount of interest agreed upon to be reserved, taken, or received.

2. ———: **ADMISSION OF TESTIMONY.**  The rulings of the trial judge in admitting certain testimony *held* erroneous.

3. ———: **EVIDENCE.**  The finding of the jury and verdict in this case *held* to be manifestly wrong and not sustained by the evidence.

ERROR from the district court of Douglas county.  Tried below before HOPEWELL, J.

*John O. Yeiser*, for plaintiff in error.

*Blair & Goss, contra.*

HARRISON, J.

The plaintiff in error, also plaintiff below, instituted this action in the district court of Douglas county to obtain judgment against the defendants for the sum of $1,231.66, together with interest thereon at ten per cent per annum from August 16, 1891.  The claim for such judgment was based upon a promissory note of date May 16, 1891, due ninety days after date, and in the amount claimed, alleged in the petition to have been executed and delivered by defendants to the bank of which plaintiff afterwards was appointed receiver.  The answer, in so far as we need particularly notice it here, was as follows:

" 3. That when these defendants made the contract with the First National Bank of Red Cloud, Nebraska, as shown in and evidenced by said note, set out in the petition, said bank contracted for an unlawful rate of interest thereon, and

contracted for and took usury thereon, to-wit: These defendants were on said May 16, 1891, indebted to said bank in the sum of $578.63, and no more, and on said day, and without any other and further consideration whatsoever, they made and delivered to said bank, at its request, the aforesaid note of $1,231.66, and that said note is the sole and only evidence of the indebtedness of these defendants to said bank, and that by said note the said bank took and contracted for usury to the amount of $653.03.

"4. That these defendants are indebted to said bank in the sum of $578.63, and no more, which said sum these defendants are willing and ready to pay."

The reply was in the following words:

"Plaintiff for reply to defendants' answer denies that it contracted for or took any unlawful rate of interest or usury as alleged by defendants, and denies every allegation of new matter contained in defendants' answer."

A trial to the court and a jury resulted in a verdict for the plaintiff in the sum of $578.63, which was in reality a victory for defendants, it being for the amount they pleaded in the answer they were indebted on the note, after deducting an alleged usurious amount from the face of the note. Plaintiff filed a motion for a new trial, which, on hearing, was overruled and judgment was rendered on the verdict.

The trial judge, in his certificate to the bill of exceptions, makes the following statement with reference to a portion of the case, viz.: "The defendants, although having the affirmative, requested plaintiff to introduce the original note sued upon, which was consented to." And in the transcript of the record appears an admission of certain facts which were alleged in the petition and denied in the answer, and the portion of the proceedings alluded to by the judge in his certificate to the bill of exceptions. It is as follows:

"The defendants admit that this First National Bank of Red Cloud was duly incorporated and is now in the hands

of a receiver; that plaintiff, Mr. Bell, is the receiver of this bank now in liquidation, and that the bank went into liquidation on the 21st day of May, 1891.

"Note identified as Exhibit 'A' by plaintiff.

"Note, Exhibit 'A,' which is copied in plaintiff's petition offered in evidence.

"Plaintiff rests."

Robert K. Stowe, one of the defendants, was called and testified in behalf of defendants, he being the only person who testified during the trial. The evidence of Stowe was mainly, if not entirely, confined to an attempt to show that he had commenced borrowing money of the bank August 31, 1887, and at that time executed a note as evidence of debt created by the loan to him; that the contract made between him and the bank was a usurious one, and that from that time until the execution and delivery of the note in suit there had been a continuous transaction between them, of the same nature, and evidenced from time to time by notes and renewal notes, the note in suit being the last of the series and given by him for the amount or balance due as a result of the whole account and dealings between the parties. To almost every one of the number of questions asked of the witness for the purpose of showing the business transactions which had taken place between him and the bank during a number of years prior to the execution of the note in suit, in which he had been a borrower and the bank a lender, and the usurious character thereof, and that it was included in the note upon which the action was brought, the plaintiff objected as being incompetent, immaterial, and irrelevant, which was in almost, if not every instance overruled by the trial judge and the evidence received. Exception was taken to the rulings and the reception of this testimony is assigned as error in the petition. There was no sufficient allegations of usury in the answer, and clearly none under which the evidence, to the introduction of which the plaintiff interposed an objection, was

competent, relevant, or material, or could be received, and the court erred in overruling the objections. (*New England Mortgage & Security Co. v. Sandford,* 16 Neb., 689; *Rose v. Munford,* 36 Neb., 148; *Rainbolt v. Strang,* 39 Neb., 339.) Moreover, the evidence of the defendants disclosed that some of the transactions with the bank never were or could have been in any manner connected with or included in the note in suit, and the findings which the jurors made as to the amount which should be deducted from the face of the note, based as it was, upon this and other incompetent evidence, was manifestly erroneous and was not supported by the testimony, there being an entire lack of evidence as to some portions of it. It follows that the judgment of the district court must be reversed and the case remanded.

REVERSED AND REMANDED.