McKINLEY-LANNING LOAN & TRUST COMPANY, APPELLANT, V. EDWARD C. ALDRICH ET AL., APPELLEES.

FILED MARCH 3, 1897.    No. 7137.

**Usury.** To constitute a plea of usury facts must be stated which disclose a contract between the parties thereto by which there is received or reserved a rate of interest in excess of the maximum allowed by law.

54

APPEAL from the district court of Frontier County. Heard below before WELTY, J. *Reversed.*

*Tibbets, Morey & Ferris,* for appellant.

*J. H. Broady, contra.*

HARRISON, J.

The plaintiff commenced this action in the district court of Frontier county to foreclose real estate mortgages. At a trial of the issues joined the trial court entered a decree of foreclosure, by which the amount of plaintiff's alleged claim was reduced by the favorable finding on the allegation in the answer that the loan transaction evidenced by the notes and mortgage in suit was usurious. The plaintiff has appealed to this court. Subsequent to the appearance of the record here a motion was made to quash the bill of exceptions, which, on hearing, was sustained; hence the evidence adduced on the trial is not before us, and the sole question for determination is, will the pleadings support the judgment rendered? and is to be settled by an examination of the answer, to ascertain whether, to the extent there was attempted in it to set up the usurious character of the transaction of the mortgage loan, it was, as a plea thereof, sufficient. The portion of the answer we have referred to was as follows, after admitting the execution and delivery of the notes and mortgages alleged in the petition: "That the notes and mortgages described in plaintiff's petition were given for a loan of $800, running for five years, at ten per cent interest per annum from date, payable semi-annually; that the notes of $12 each described in count 1 of plaintiff's petition had no other consideration than that of being for a part of the interest on the said loan of $800, and admits the matters alleged in count 2 of said petition to be true. Alleges that said transaction and loan of $800 as above set forth and the notes and mortgages given in connection with said trans-

action are usurious in this, that in the making thereof
the payees, W. H. Lanning and W. H. Lichty, in addition to the contract by said defendant to pay them ten
per cent per annum, the full amount allowed by law,
received and reserved $100 as illegal interest and bonus
on said loan; that of said loan of $800 defendants only
received the sum of $700, as follows: $350 at the time
said loan was made, and $350 sixty days thereafter; that
the .rate of interest on said loan amounted to more than
ten per cent per annum, and that the above transaction
was between W. H. Lanning and W. H. Lichty and said
defendants."

In the decision of the case of *Leonard v. Cox,* 10 Neb.,
541, which was an appeal by the plaintiff in the case
from a decree of foreclosure of a mortgage in which he
had been adjudged to receive a less sum than claimed, by
reason of the favorable consideration in the trial court
of the defendant's plea of usury, it was held in the opinion, written by MAXWELL, C. J.: "To constitute usury
there must be a contract between the lender and the borrower, by which the lender receives or reserves a greater
rate of interest than the maximum allowed by law;"
citing *Richards v. Kountze,* 4 Neb., 205. And in the case of
*New England Mortgage Security Co. v. Sandford,* 16 Neb.,
689, wherein the sufficiency of an answer or plea of usury
in the foreclosure of a mortgage loan was under consideration, the plea in that case being very similar to the
one in the case at bar, in practical effect the same, it was
said in the opinion, written by MAXWELL, J.: "The proof
cannot make a stronger defense than the answer in the
case. It is therefore essential, in pleading usury, to state
with whom the usurious agreement was made, its nature,
and the amount of usurious interest agreed upon or received. (*Manning v. Tyler,* 21 N. Y., 567; Maxwell, Pl.
[3d ed.], 105.) The court will not presume that the parties intended to evade the law, but there must be an
allegation to that effect."

In the case of *Rose v. Munford,* 36 Neb., 148, in which,

*inter alia,* the sufficiency of a plea of usury in an answer was considered, it was stated: "We agree with appellee that the answer does not allege sufficient facts to constitute the defense of usury. To make a contract usurious there must be an agreement between the borrower and lender by which the latter receives or reserves a greater rate of interest than the law allows. There must be an intent on the part of the borrower to give and of the lender to receive interest in excess of the legal limit. (*Leonard v. Cox,* 10 Neb., 541; *New England Co. v. Sandford,* 16 Neb., 689.) Testing the answer by the above rule, the pleading is clearly insufficient. The facts alleged therein do not show that the contract was usurious; nor can it be inferred from the facts stated that there was an intent to evade the law on the subject of usury. It fails to aver the rate of interest agreed upon. True, the answer sets up the amount of money received by Munford on the loan, but it does not state that the difference between the amount so received and the face of the note was intentionally retained by Sandford as interest, nor can any such a conclusion be properly drawn from the facts alleged." (See, also, *Anglo-American Land Mortgage & Agency Co. v. Brohman,* 33 Neb., 409; *Rainbolt v. Strang,* 39 Neb., 339; *Bell v. Stowe,* 44 Neb., 210.) Tested by the established rule in this state, set forth in the cases to which we have referred, the plea of usury in the answer in the case at bar is insufficient. It fails to show the intent with which the amount alleged to have been reserved was so retained, or that it was pursuant to any contract or agreement between the parties as interest on the principal sum. The answer was insufficient and the judgment must be reversed and the cause remanded to the district court for further proceedings.

REVERSED AND REMANDED.