GUNN, Plaintiff in Error, *vs.* HEAD, Defendant in Error.

1. Usury upon a contract in another state must be specially pleaded. The act of 1847, allowing the defence of usury under the general issue, even if not repealed by the practice act of 1849, is only applicable to contracts made in this state.
2. Although parties cannot prospectively agree that interest may bear interest, yet, after interest has accrued, it may be agreed that it shall bear interest.

*Error to Benton Circuit Court.*

There is a sufficient statement in the opinion of the court to show the point upon which the case was reversed.

*F. P. Wright*, for plaintiff in error.

*Gardenhire*, for defendant in errror.

SCOTT, Judge, delivered the opinion of the court.

This was an action on an account stated in California, for money due on contracts between the parties, entered into in that state.

The answer, in effect, was, that there was no *legal* accounting between the parties, and that the plaintiff had been over-paid. There was a judgment for the defendant, Head, the court finding that the transaction was vitiated with usury, and that the sum claimed was usurious interest.

We do not see how the finding of the court can be sustained.

It far transcended the matters in issue. When the account stated was proved as alleged in the plaintiff's petition, we find no authority in the pleadings for inquiring into the matter of usury ; for we presume that the mere denial that there was any *legal* accounting between the parties, will not be insisted as sufficient to raise any such issue. The practice act of 1849 requires that all defences shall be specially pleaded. It is not necessary to inquire whether the provision in the act of 1847, respecting the defence of usury, which allows such defence to be made under the general issue, or under the plea of *non est factum*, when the suit is on a specialty, was repealed by the practice act of 1849, as the provision in the act of 1847 is only applicable to contracts made in this state. The contract or contracts out of which this controversy arose, were all made in California, and the law of that state respecting interest is preserved in the record.

The court was evidently mistaken in the notion that interest cannot bear interest. Parties cannot prospectively agree that interest may bear interest ; but after interest has accrued and is due, it may be agreed that such interest may bear interest. (*Van Banchotten* v. *Lawson*, 6 J. C. R. 313. *State of Connecticut* v. *Jackson*, 1 J. C. R. 13. *Barron* v. *Rhineleader*, 1 J. C. R. 550.)

The conclusion to which the court came, that the transaction was usurious, was scarcely warranted by the evidence. There is nothing in the law regulating the rate of interest in the state of California, that precludes the idea that the dealings between the parties, as they appear in the record, were freed from the taint of usury. The action was founded on an account stated. That was a sufficient consideration. The interest agreed upon between the parties may have been by a separate written agreement, executed simultaneously with the principal contract. The presumption is that a contract, lawful in its terms, nothing more appearing, is a valid one, and he who impeaches it must show its illegality. By the law of California, it seems it was permitted by statute law for parties to contract for any rate of

interest, however enormous, if done by writing. Is it not strange, such being the law, that the stipulation respecting the rate of interest should have been omitted? Was it the effect of accident, mistake or fraud? If so, and the party afterwards acknowledges the omission and corrects it, by an agreement to pay the interest lost against the understanding of the parties, would this contract be usurious or illegal? All these difficulties flow from the attempt of the court to set up a defence for the party, which he himself has failed to do. Let the defendant, by his answer, show how the law of California has been violated by the transaction out of which this suit had its rise, and then it will be time to allow him the benefit of such violation.

The other judges concurring, the judgment will be reversed, the cause remanded, and the defendant will have leave, if he desires it, to amend his awswer.