LUTHER P. MATHEWS, PLAINTIFF IN ERROR, V. HATTIE TOOGOOD, AS EXECUTRIX OF THE ESTATE OF THOMAS TOOGOOD, DECEASED, VINCENT C. TOOGOOD, MARY T. TOOGOOD, AND FREDERICK L. TOOGOOD, AND BERTHA E. TOOGOOD, MINOR HEIRS OF SAID THOMAS TOOGOOD, DECEASED, DEFENDANTS IN ERROR.

1. Interest. "Any rate of interest which may be agreed upon, not exceeding ten dollars per year upon $100, shall be valid upon any loan or forbearance of money, or things in action ; which rate of interest, so agreed upon, may be taken annually, or for a shorter period, or in advance, if so expressly agreed." Sec. 1, Chap. 44 of Compiled Statutes of 1887.

2. ———. This section forbids the allowance of interest in excess of ten per cent, and where the interest upon a promissory note is represented by coupons, providing that interest shall be allowed thereon after maturity, at the rate of ten per cent per annum, no interest will be allowed on such coupon.

3. ———: USURY. An agreement to pay interest upon interest which may thereafter accrue cannot be enforced, although it does not render the principal contract for the loan or forbearance of money usurious.

ERROR to the district court for Saline county. Tried below before MORRIS, J.

Dawes, Foss & Stephens, for plaintiff in error, cited: 2 Daniels Neg. Inst., Sec. 1513. Genoa v. Woodruff, 92 U. S., 502. Aurora v. West, 7 Wall., 105. Arents v.

*Commonwealth*, 18 Gratt., 776. *Mills v. Jefferson*, 20 Wis., 50. *San Antonio v. Lane*, 32 Tex., 405.

*Abbott & Abbott*, for defendants in error.

REESE, CH. J.

The original action in this case was instituted in the district court of Saline county, for the purpose of foreclosing a mortgage given to secure a promissory note for $4,400, dated May 2, 1885, and due May 2, 1887, with interest from date, at the rate of ten per cent per annum, payable semi-annually, as per coupons attached to the note. There is one interest coupon remaining attached to the note, which is as follows:

"$220.00.                                    May 2d, 1887,

We promise to pay to Luther P. Mathews, or order, Two Hundred and Twenty Dollars, being interest to that date on my note of $4,400. This interest note to draw ten per cent per annum from maturity."

Upon trial before the district court, a decree was rendered in favor of plaintiff in error, for the full amount claimed, excepting the interest demanded upon the coupon note, after its maturity. This the court refused to allow to the plaintiff, and this action of the district court is now assigned for error.

There was no appearance at the hearing in this court by defendants in error, and in the examination of the question before us we have been without the benefit of a brief upon that side of the case.

In the examination of the question involved, we find a sharp conflict of authorities, and it is impossible to harmonize them. We here give a brief statement of the holdings of the courts upon some of the questions bearing upon this case.

The following cases hold, substantially, that coupons,

whether detached from the bonds or not, draw interest after their maturity: *Aurora v. West,* 7 Wall., 82. *Langston v. R. R. Co.,* 2 S. C. (N. S.), 248.    *City of San Antonio v. Lane,* 32 Tex.. 405.    *Town of Genoa v Woodruff,* 92 U. S., 502.    *Hollingsworth v. Detroit,* 3 McLean C. C., 472-3.    *Banks v. R. R. Co.,* 8 R. I., 375.    *Commonwealth v. Ches. & O. Canal Co.,* 32 Md., 501.

The following cases may be cited as holding a contrary doctrine: *Force v. City of Elizabeth,* 28 N. J. Eq., 403. *Bd. Co. Coms. v. King,* 13 Fla., 451.    *Rose v. City of Bridgeport,* 17 Conn., 243.

In the following cases it is held that interest cannot be compounded, where the note provides that interest shall be payable annually, but that interest must be computed as simple interest : *Leonard v. Villars,* 23 Ills., 377.    *Bannister v. Roberts,* 35 Me., 75.    *Niles v. Bd. Co. Com'rs,* 8 Blackf., 158.    *Hastings v. Wiswall,* 8 Mass., 455.    *Doe v. Warren,* 7 Me., 48.    *Stokely v. Thompson,* 34 Pa. St., 210. *Pindall v. Bank,* 10 Leigh (Va.), 481.

While the following cases may be cited as holding the reverse, to-wit, that interest will be allowed upon unpaid interest, where by the terms of the note interest is payable annually: *House v. Tenn. College,* 7 Heisk., 128.    *Pierce v. Rowe,* 1 N. H., 179.    *Preston v. Walker,* 26 Iowa, 205. *Wheaton v. Pike,* 9 R. I., 132.    *Wright v. Eaves,* (Statutes) 10 Rich. Eq., 582.    *Lewis v. Pashcal, Admr.,* 37 Tex., 315. *Aspinwall v. Blake,* 25 Iowa, 319.    *Singleton v. Lewis, Ex.,* 2 Hill (S. C. Law), 408.    *O'Neill v. Simms,* 1 Strobh. Law, 115.    *Doig v. Barkling,* 3 Rich. (S. C.), 125..    *Bedsoe v. Nixon,* 69 N. C., 89.    *Talliaferro v. King,* 9 Dana (Ky.), 331.

In the following cases it is held that interest may be allowed on interest, if the promise to pay it is made after the interest matures, but not if the promise was made before the maturity of the interest: *Stewart v. Petree,* 55 N. Y., 621.    *VanBenchooten v. Lawson,* 6 Johns. Ch.,

313.  *Thornhill v. Evans*, 2 Atkyns, 330. _ *State of Conn. v. Jackson*, 1 Johns. Ch., 13.  *Waring v. Cunliffe*, 1 Ves. Ch., 99.  *Chambers v. Goldwin*, 9 Id., 254.  *Banks v. McClellan*, 24 Md., 62.  *Toll v. Hiller*, 11 Paige Ch., 228.  *Henry v. Flagg*, 13 Met. (Mass.), 65.  *Forman v. Forman*, 17 How. Pr., 255.  *Pindall v. Bank*, 10 Leigh (Va.), 481.  *Childers v. Deane*, 4 Rand (Va.), 406.

In Wisconsin and Missouri, and perhaps other states, interest is allowed upon unpaid interest, but this is in pursuance of an express statutory provision.  By these decisions it is also held that a contract to pay interest upon interest which may thereafter accrue, cannot be enforced, although it does not render the principal contract for the loan or forbearance usurious.  It is held that such contract to pay the interest upon the interest does not, in fact, contaminate the original contract, but that its provisions are against public policy, and will not be enforced.

The authorities being thus conflicting, we look to the statute, for the purpose of ascertaining the intention of the legislature in enacting the interest laws of this state, and to aid us in their construction.

Sec. 1 of Chap. 44 of Compiled Statutes of 1887, provides: "Any rate of interest which may be agreed upon, not exceeding ten dollars per year upon one hundred dollars shall be valid upon any loan or forbearance of money, goods, or things in action; which rate of interest so agreed upon may be taken yearly, or for any shorter period, or in advance, if so expressly agreed."

By an analysis of this section, we find that the rate of interest to be agreed upon shall not exceed ten per cent, but that it may be taken yearly, or for any shorter period, or in advance.  The amount of money represented by the principal note in this case is $4,400.  By the decision of the district court, plaintiff was allowed interest thereon, at the rate of ten per cent.  No more could have been allowed, without an infraction of the provisions of the sec-

State v. King.

tion referred to. The interest is payable semi-annually; which is in accordance with law. It will, therefore, be seen that should interest be allowed upon the unpaid semi-annual installments of interest, more than ten per cent would be allowed thereby. Again, the statute provides that this interest may be taken for a shorter period than yearly. If it may be taken for six months, it may be taken for one month, or any shorter time, and thereby the interest might be made to draw interest from soon after the date of the note, or in fact the interest might be taken in advance, if so agreed. The first year's interest might thus be made a·part of the principal, and permitted to draw interest from the date of the principal note, by simply representing it in a coupon, instead of upon the face of the note. An examination of this section of the statute convinces the writer that it was the purpose of the legislature to allow ten per cent per annum, and no more, but that the interest might be taken at the same rate for a shorter period, or in advance; but that it should not, in any event, exceed the "ten dollars per year upon $100."

The decision of the district court will, therefore, be affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.