LEWIS INVESTMENT COMPANY, APPELLEE, V. BEDFORD B. BOYD ET AL., APPELLANTS.

FILED MAY 20, 1896. No. 6573.

1. **Transcript for Review.** The authenticated transcript of the record of the trial court imports absolute verity on appeal, and cannot be impeached by mere statements of counsel in the brief filed.

2. ———. Where the transcript of the record of the trial court shows that a reply was filed therein, the defendant will not be heard to insist in this court that the averments in his answer should be taken as true merely because of his failure to have the reply included in such transcript.

3. ———: PLEADINGS. Should a party desire to urge in the supreme court that he was entitled to a judgment in his favor upon the pleadings, they must be copied into the transcript.

4. **Usury: COMPOUND INTEREST.** A stipulation in a note providing for compound interest does not render the note usurious.

5. ———: ———. Interest, when stipulated for, may be allowed on coupon interest notes, after their maturity, when the amount of interest on both coupon and principal does not exceed the maximum legal rate of interest on the principal sum.

6. ———: ———. Interest will not be compounded when to do so would make the aggregate rate of interest exceed ten per cent per annum.

APPEAL from the district court of Cedar county. Heard below before NORRIS, J.

*Bedford B. Boyd,* for appellants,

*John Bridenbaugh, contra.*

NORVAL, J.

This is an appeal by the defendants from a decree foreclosing two real estate mortgages. It is contended that the decree was rendered in the absence from the court room of the defendant, Bedford B. Boyd; that it recites: "By agreement, amount due plaintiff $1,483.20, and $69.30 taxes;" and that within an hour after it was entered defendant orally moved the court to set aside said decree, which motion, it is stated in the brief, was immediately denied, and an exception was taken to the ruling. Unfortunately for the defendants, not one of the foregoing matters, if they in fact transpired, is disclosed by the record. On the contrary, so far as it speaks at all on the subject, the reverse is made to appear; hence no question having for its foundation the alleged action and decision of the court is presented for review. On appeal the authenticated transcript of the record of the trial court imports absolute verity, and cannot be impeached by mere statements of counsel in the briefs filed.

The answer filed, after admitting certain averments in the petition, pleads, or attempts to do so, two defenses: First, that plaintiff is not the owner of the notes and mortgages; and, second, usury. It is argued that the defendants were entitled to judgment upon the pleadings in their favor upon those two issues. This contention is based upon the fact that no reply to the answer is in the record. The uniform rule is that a failure to reply renders proof unnecessary of the averments contained in the answer; but this doctrine cannot be invoked in this case. The decree states that the cause was heard and submitted upon the petition, answer, reply, and the evidence, which

recitation shows that the plaintiff did reply to the answer. By its absence from the transcript we cannot presume that it failed to put in issue a single allegation of the answer. The transcript does not purport to be a full and complete copy of the entire record in the court below. The clerk of that court merely certifies that it contains true copies of the petition, answer, journal entries, trial docket entries, and certain enumerated papers on file in his office. Had the journalized decree made no reference to the reply, and had the certificate of the clerk attached to the transcript filed herein disclosed that such transcript was a complete copy of record and proceedings in the trial court, then the presumption might be indulged that plaintiff filed no reply, and in which case matters well pleaded in the answer would be taken to be true. When a party desires to insist in this court that he was entitled to judgment or decree upon the pleadings, he must see to it that such pleadings are included in the transcript brought here. There being no bill of exceptions in this case, we must assume that the evidence sustains the allegations of the petition.

It remains to be considered whether the decree was excessive, or for a larger sum than the petition disclosed was due. The first cause of action is upon a mortgage given to secure a note of $1,000, bearing date February 15, 1889, due in five years, with interest at seven per cent, payable semi-annually, according to ten interest coupons attached thereto, which coupons provide for ten per cent semi-annual interest after maturity. The note also contains a stipulation to the effect that it should bear interest at ten per cent after maturity, and that if any interest should remain unpaid for twenty days after due, the whole debt, at the option of the owner, should at once become due and collectible. The petition alleges that no part of the principal or interest has been paid, and that plaintiff, on April 15, 1892, declared the entire sum due and payable at once. The second cause of action is to foreclose a mortgage securing six unpaid notes of $12.50 each, dated

February 15, 1889, with ten per cent from maturity, one falling due every six months. It appears from the petition and the exhibits thereto attached that the notes and mortgages in both causes of action represent a single transaction, and were given to obtain a loan of $1,000, made by the plaintiff. The decree in this case was rendered on May 5, 1893, for $1,483.20. We have carefully computed the amount due on the notes described in both causes of action, allowing interest on each note at the rate, and compounding the same, according to its terms and stipulations, and find it to be $1,469.05, or $14.15 less than the decree, and $30.17 more than would have been due at the date of the decree, casting interest on the $1,000 loan from the date thereof at ten per cent per annum, the maximum rate allowed by statute. By another method of calculation, allowing interest on the principal note at seven per cent per annum until plaintiff exercised the option of declaring the whole sum due, and ten per cent thereafter, and adding thereto $75, the amount of the six commission or extra interest notes described in the second cause of action, the aggregate principal and interest due on the loan on May 5, 1893, is $1,402.21. So in any view of the case the decree is excessive. The question arises, which one of the several modes of computation above indicated should be adopted in this case? We are clear that it is the last one stated. The interest cannot be compounded, nor is interest upon interest collectible in this case, since it would be allowing plaintiff in excess of ten per cent, the highest rate provided for by law. This court has held that a holder of a note is not entitled to interest upon arrears of interest, although so contracted for, where by the compounding of interest it would make the rate exceed ten per cent per annum. (*Mathews v. Toogood*, 23 Neb., 536, 25 Neb., 99.) It has also been decided that interest, where stipulated for, may be collected on coupon interest notes when the amount of interest on both coupons and principal does not exceed the maximum legal rate. (*Murtagh v.*

*Thompson*, 28 Neb., 358; *Richardson v. Campbell*, 34 Neb., 181.) A stipulation in a note allowing interest to be computed on interest after it matures does not render the note usurious. (*Hager v. Blake*, 16 Neb., 12; *Richardson v. Campbell*, 34 Neb., 181.) Applying the foregoing decisions to the case before us, we hold that the contract or loan is not tainted with the vice of usury, and that plaintiff is not entitled to have the interest compounded. The decree should have been for the sum of $1,402.20, and it is modified accordingly.

JUDGMENT ACCORDINGLY.