IN RE ESTATE OF WARNER AUGUST PIEL.
EMMA L. M. PIEL, EXECUTRIX, APPELLANT, V. DOUGLAS
COUNTY, APPELLEE.

4 N. W. (2d) 875

FILED JULY 17, 1942.  No. 31283.

*Hotz & Hotz, William J. Hotz* and *William F. Dalton,* for appellant.

*James T. English* and *Oscar T. Doerr, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

Eberly, J.

As stated by the appellant, "This is an appeal from the district court of Douglas county involving the question of the legality of including in the property of an estate certain municipal bonds claimed by the executrix to be erroneously included by the appraiser, but which bonds the county court, over the objection of the executrix, held were the property of the estate and upon which property was based the inheritance tax liability, and judgment rendered against the executrix therefor by the county court. On the appeal from the county court to the district court, the district court sustained a motion filed by the appellee county of Douglas to strike the transcript there lodged by the executrix. It is from that order striking the transcript that the executrix now appeals."

In this case, "The transcript of a record filed in this court for the purpose of appeal imports absolute verity, and in considering the appeal must be treated as the sole and exclusive evidence of the facts." *Grand Island Savings & Loan Ass'n v. Moore*, 40 Neb. 686, 59 N. W. 115. See, also, *Lewis Investment Co. v. Boyd*, 48 Neb. 604, 67 N. W. 456.

The transcript on appeal discloses: (1) The appointment of Emma L. M. Piel as executrix of the last will of Warner August Piel, deceased; (2) the inventory of said estate as returned by Emma L. M. Piel; (3) report of receipts and disbursements of such executrix from May 13, 1932, to April 4, 1933; (4) report of J. C. Travis as the duly appointed appraiser of said estate, filed August 10, 1933; (5) "Protest" filed by Emma L. M. Piel, as executrix of the estate of Warner August Piel, to the report of the appraiser, filed August 31, 1933; (6) written tender by the executrix of the sum of $1,200 and interest as inheritance tax and statement of facts on which same is based, filed April 3, 1939; (7) withdrawal of offer of inheritance tax by Emma L. M. Piel, filed August 3, 1939; (8) motion of James T. English, county attorney of Douglas county, "to assess inheritance tax due in the above captioned estate pursuant to the report of the appraisers herein filed," filed March 14, 1940; (9) answer of execu-

trix to the motion to assess inheritance tax, which appears to have been filed March 18, 1940; (10) "Inheritance Tax Decree," which provides:

"This matter coming on for hearing this 19th day of March, 1940, on the report of the appraiser and on examination of said report and the files in said estate, I find that the said deceased departed this life on April 14th, 1932, possessed of personal property located in Douglas county, Nebraska, of the value of $382,234.88; that after deducting claims, costs and fees in the sum of $8,467.78 there remains property of the value of and subject to tax in the sum of $373,767.10; that by the terms of the will of said deceased the following received bequests of the value and subject to tax as set out below:

| Name | Relation | Bequest | Exemption | Tax |
|---|---|---|---|---|
| Carl E. Lundstrom | Legatee | $ 1,000.00 | None | $ 40.00 |
| Emma L. M. Piel | Widow | 248,511.40 | $196,883.55 | 516.28 |
| Ethel Piel Jack | Daughter | 124,255.70 | 10,000.00 | 1,142.56 |
|  |  | $373,767.10 |  | $1,698.84 |

"It is, therefore, ordered, adjudged and decreed that the Executrix of said estate pay to the County Treasurer of Douglas county, Nebraska, the sum of $1,698.84 together with interest at the rate of seven per cent. per annum from April 14th, 1932, until paid.

"The appraiser's fee has been paid as per order of this Court entered on May 5th, 1934.

"Bryce Crawford, County Judge.

"Filed—March 19, 1940."

The proceedings thus outlined are a substantial compliance with section 77-2211, Comp. St. 1929, relative to appraisement of a decedent's estate for the assessment of inheritance tax by the appointed appraiser. This section provides in part, after the making of an appraisal of a decedent's estate and the filing of the report thereof in the county court, and after direction as to notices to be given in certain events, "and from such * * * report made by the appraiser, the county judge shall forthwith determine and fix the then cash value of all estates, annuities and life estates

for terms of years growing out of said estates, and the tax to which the same is liable, and shall give immediate notice through the mails to all parties known to be interested therein."

The directions of this statute just quoted appear to have been fully performed by the order of the county judge made in this case on the 19th day of March, 1940, which we have quoted in full. Up to and including the entry of this last order the proceeding is to be deemed *ex parte* or administrative in its inherent nature. However, section 77-2211, Comp. St. 1929, further provides: "Any person or persons dissatisfied with the appraisement or assessment may appeal therefrom to the county court of the proper county within sixty days after the making and filing of such appraisement or assessment, conditioned upon the giving of security to the court to pay all costs," etc. In this connection, section 77-2213, Comp. St. 1929, provides, as follows: "The county court in the county in which the real property is situated of a decedent who was not a resident of the state, or in the county of which the deceased was a resident at the time of his death, shall have jurisdiction to hear and determine all questions in relation to all taxes arising under this article, and the county court first acquiring jurisdiction hereunder shall retain the same to the exclusion of every other."

From the above sections, which are emphasized by other sections of this act, it is clear that while the procedure was at first *ex parte,* upon the appeal being taken by "any person or persons dissatisfied with the appraisement or assessment" therefrom "to the county court of the proper county," which was given "jurisdiction to hear and determine all questions in relation to all taxes arising under this article," it then and there became a controversy *inter* parties, and the action of the county court was thereafter not merely administrative but judicial. *Smith v. Douglas County,* 254 Fed. 244.

Under section 77-2213, Comp. St. 1929, the county court, as such, on appeal "therefrom" to it duly prosecuted, is vest-

ed with complete, exclusive jurisdiction to judicially determine in the first instance "all questions in relation to" inheritance taxes, etc.

In the instant case, as shown by the transcript before us, no appeal was prosecuted from the order entered on March 19, 1940, fixing and assessing inheritance tax, *to the county court of Douglas county,* as required by section 77-2211, Comp. St. 1929. But a transcript of the proceedings disclosing this defect was lodged in the district court for Douglas county. Obviously, at that time the district court for Douglas county had no jurisdiction of the subject-matter which by express statute was then vested in the county court of Douglas county.

In this view of the case, the action of the district court in striking the transcript was in all respects correct and is

AFFIRMED.