Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/10/2024 06:08 PM CDT

David Meiergerd, appellant, v. Qatalyst
Corporation and Roland Pinto, appellees.

___ N.W.3d ___

Filed June 14, 2024.    No. S-22-939.

1. **Judgments.** A judgment's meaning is determined, as a matter of law, by the contents of the judgment in question.
2. **Judgments: Appeal and Error.** An appellate court independently reviews questions of law decided by a lower court.
3. **Judgments.** Unless the language used in a judgment is ambiguous, the effect of the judgment must be declared in the light of the literal meaning of the language used.
4. **Judgments: Words and Phrases.** Ambiguity in a judgment exists when a word, phrase, or provision therein has, or is susceptible of, at least two reasonable but conflicting interpretations or meanings.
5. **Judgments.** If the language of a judgment is ambiguous, there is room for construction.
6. ____. In ascertaining the meaning of an ambiguous judgment, resort may be had to the entire record.
7. **Judgments: Intent.** Doubtful or ambiguous judgments are to have a reasonable intendment to do justice and avoid wrong.
8. **Interest: Intent: Words and Phrases.** Legal interest is intended to compensate ultimately victorious litigants for the value of money to which they are entitled and of which they have been deprived during the pendency of litigation.
9. **Interest: Words and Phrases.** Compound interest means interest on interest, in that accrued interest is added periodically to the principal, and interest is then computed upon the new principal thus formed.
10. **Debtors and Creditors: Interest.** In the absence of a contract or statute, compensation in the form of compound interest is generally not allowed to be computed upon a debt.

Petition for further review from the Court of Appeals, Riedmann, Bishop, and Welch, Judges, on appeal thereto from the District Court for Lancaster County, Susan I. Strong, Judge. Judgment of Court of Appeals affirmed.

Adam J. Kost, of Rembolt Ludtke, L.L.P., for appellant.

Christopher S. Bartling, of Bartling & Hinkle, P.C., for appellees.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Miller-Lerman, J.

## NATURE OF CASE

In an order filed in December 2022, the district court for Lancaster County determined, among other things, that Qatalyst Corporation and Roland Pinto, appellees, had paid the correct amount of postjudgment interest and attorney fees pursuant to a 2008 order on default judgment and sustained their motion for satisfaction and discharge. David Meiergerd, the creditor, appealed to the Nebraska Court of Appeals and claimed that the district court had erred in its computation of postjudgment interest. At issue at the Court of Appeals and before us is the meaning of the language in the 2008 order that awarded postjudgment interest "at the rate of 16% compounded annually ($58.97 per day)." The Court of Appeals affirmed the order of the district court, and we granted Meiergerd's petition for further review. Although our reasoning differs in some respects from that of the Court of Appeals, we affirm its decision.

## STATEMENT OF FACTS

In November 2007, Meiergerd filed a complaint in the Lancaster County District Court seeking to recover on, inter alia, a series of loans that occurred between Meiergerd and the appellees. Meiergerd alleged that at that time, he was a shareholder of Qatalyst Corporation and Pinto was the

president of Qatalyst. Three promissory note claims, although not directly at issue in this appeal, evidence a lending history between Meiergerd and Qatalyst.

In counts III, IV, and V, Meiergerd requested judgments in the principal amount of $55,000, $33,000, and $22,000, respectively, and also sought interest and costs. Each promissory note underlying these claims provided that "[a]ll past due amounts of principal and/or interest and/or all other past-due incurred charges shall bear interest after maturity at the maximum amount of interest permitted by the Laws of the State of Nebraska until paid." Each promissory note further provided that "[i]nterest on this debt evidenced by this Note shall not exceed the maximum amount of non-usurious interest that may be contracted for, taken, reserved, charged, or received under law . . . ."

Rather than written promissory notes, this appeal arises from allegations concerning unpaid oral loans detailed in count VI for which Meiergerd requested a judgment against both appellees. Count VI alleged that the appellees were in default under their oral promises and sought a principal amount "plus interest at the highest rate permitted by Nebraska law" from respective dates of the loans. Meiergerd sought postjudgment "interest as provided by law from the date of judgment until paid."

Summons was issued and service was perfected on each appellee. In April 2008, Meiergerd filed a motion for default judgment. With respect to count VI, the motion for default judgment requested "a judgment in the amount of $163,547.12 with interest thereon at the highest legal rate plus attorney[']s fees and costs as allowed by the Court," and also sought "[c]ourt costs, legal fees[,] and other costs of collection." To support the request for principal and interest, the motion included a table listing, inter alia, the amounts of each of the individual oral loans, an interest per day rate for each loan, and the number of days from the date of the loan through the date of the scheduled hearing.

In May 2008, the district court granted Meiergerd's motion for default judgment. The order specifically found that the motion for default judgment "is true and proper in all respects." As relevant to this appeal, the court ordered:

> 3. That [Meiergerd] have and recover from the [appellees] under Counts III, IV, and V of the Complaint the collection of three notes issued by Defendant Qatalyst to the Plaintiff Meiergerd plus interest in the amount of $133,344.44 plus post judgment [sic] interest thereon from the date of Judgment at 16% compounded annually ($48.89 per day) until the satisfaction of the Judgment and Court costs;
>
> 4. That [Meiergerd] have and recover from the [appellees] under Count VI the collection of a series of loans made by [Meiergerd] to the [Appellees] in the amount of $163,547.12, *post-judgment* [sic] *interest from the date the Court enters judgment until satisfaction of judgment at the rate of 16% compounded annually ($58.97 per day) and court costs.*
>
> 5. Attorney's fees in the Amount of $3,462.02 . . . .
>
> . . . .
>
> 7. The [appellees] are ordered to pay the costs of this action.

(Emphasis supplied.) The stated per diem rate for postjudgment interest in the district court's order mirrored the per diem rate for prejudgment interest requested in Meiergerd's motion.

In 2022, the appellees initiated a separate proceeding in the district court for Lancaster County in case No. CI 22-705, captioned "*Qatalyst Corporation and Roland Pinto v. David Meiergerd*," in which they sought to vacate or amend the judgment from the earlier proceedings. This new action was ultimately dismissed because the court found that Meiergerd held a valid and enforceable judgment against appellees and that their collateral attacks on the judgment were barred by the applicable statute of limitations.

Subsequently, in the original case in which the judgments had been entered, the court granted the appellees' motion for revivor. In September 2022, the appellees filed a "Motion for Satisfaction and Discharge of Judgments" related to the judgment against them on count VI in the principal amount of $163,547.12 and attorney fees in the amount of $3,462.02. The district court conducted a hearing on the motion, including the issue of associated postjudgment interest at which evidence was adduced. In its order on the motion, the district court calculated the amount of postjudgment interest due to Meiergerd under count VI by multiplying the per diem rate stated in the 2008 order, $58.97, by the number of days between the date of the 2008 order (May 5, 2008) and the date of payment (September 21, 2022). This calculation results in 5,252 days at $58.97 per day, for a total of $309,710.44 in postjudgment interest. The court found that the appellees' checks had satisfied the amount due on the judgment, including postjudgment interest, costs, and attorney fees. It sustained the appellees' motion to satisfy and discharge the judgment with respect to count VI.

Meiergerd appealed to the Court of Appeals and asserted that the computation of the amount due and owing in the satisfaction of judgment improperly used the specified per diem rate, but failed to apply compound interest on the postjudgment amount. He contends that the district court's approval of this daily rate disregards the language in the 2008 order that stated that postjudgment interest would be "compounded annually." Under Meiergerd's calculation, the postjudgment interest on count VI would be $1,214,164.89 as of September 21, 2022, far more than the $309,710.44 balance approved by the district court. He argued that the parenthetical "$58.97 per day" in the 2008 order referenced the first year only, because in subsequent years, interest would compound on the new balance that would include interest accrued.

In the memorandum opinion that affirmed the district court's order, the Court of Appeals suggested that the words

"compounded annually" are subject to two conflicting interpretations. The Court of Appeals ultimately interpreted the word "compound" to mean "[t]o put together, combine, or construct" as provided in Black's Law Dictionary 346 (10th ed. 2014). The court determined that the "'per day'" rate in the 2008 default order was a reflection of the annual interest rate and that "the only way to harmoniously construe the district court's specific 'per day' rate with the preceding words 'compounded annually'" is to interpret the expression to mean "'to put together, combine, or construct'" annually, or calculated annually. *Meiergerd v. Qatalyst Corp.*, No. A-22-939, 2023 WL 8224531 at *4 (Neb. App. Nov. 28, 2023) (selected for posting on court website). The Court of Appeals found that this interpretation gives effect to every word and part and brings all parts into harmony. The court also noted that Meiergerd himself utilized the daily rates in his motion for default judgment, which provided some indication that the "interest 'compounded annually ($58.97 per day)' meant interest calculated annually rather than annually compounding interest." *Id*. at *5.

We granted Meiergerd's petition for further review.

## ASSIGNMENT OF ERROR

Meiergerd assigns, restated, that the Court of Appeals erred as a matter of law when it affirmed the order of the district court and interpreted the 2008 order to require the appellees to pay only simple interest, calculated annually on the principal of the oral loans, from the date that the judgment was entered.

## STANDARDS OF REVIEW

[1,2] A judgment's meaning is determined, as a matter of law, by the contents of the judgment in question. *Zeiler v. Reifschneider*, 315 Neb. 880, 1 N.W.3d 880 (2024). An appellate court independently reviews questions of law decided by a lower court. *Id*.

## ANALYSIS

The parties disagree about the proper amount of post-judgment interest due under the 2008 order and whether the judgments have been satisfied by the appellees. As explained below, we conclude that the 2008 order was ambiguous with respect to the manner of calculating postjudgment interest, and, contrary to Meiergerd's assertion, we determine that the 2008 order provided for simple interest and did not introduce compound interest that had not been requested by Meiergerd or supported by prior conduct between the parties. Accordingly, we affirm the decision of the Court of Appeals.

*Legal Principles for Determining
the Meaning of Judgments.*

[3,4] A judgment's meaning is determined, as a matter of law, by the contents of the judgment in question. *Ramaekers v. Creighton University*, 312 Neb. 248, 978 N.W.2d 298 (2022). Unless the language used in a judgment is ambiguous, the effect of the judgment must be declared in the light of the literal meaning of the language used. *Id*. Ambiguity in a judgment exists when a word, phrase, or provision therein has, or is susceptible of, at least two reasonable but conflicting interpretations or meanings. *Id*.

[5-7] If the language of a judgment is ambiguous, there is room for construction. *Id*. In ascertaining the meaning of an ambiguous judgment, resort may be had to the entire record. *Id*. Doubtful or ambiguous judgments are to have a reasonable intendment to do justice and avoid wrong. *Id*.

*The 2008 Order for Default Judgment Was Ambiguous
With Respect to the Manner of Calculating
Postjudgment Interest.*

With respect to count VI, the 2008 order provided that the appellees pay Meiergerd "$163,547.12, [and] post-judgment [sic] interest from the date the Court enters judgment until satisfaction of judgment at the rate of 16% compounded

annually ($58.97 per day) and court costs." The parties submit differing interpretations of the postjudgment portion of the order based on the tension between the language "compounded annually" and "$58.97 per day." Meiergerd contends that the postjudgment provision is for compound interest and that therefore, $1,214,164.89, rather than $309,710.44, is needed to satisfy the judgment as of September 21, 2022. He suggests that the $58.97 applies only for the first year after entry of the judgment, since the interest would compound thereafter. The appellees claim that the manner of calculation is simple interest, that it is computed annually, and that this is confirmed by the per diem interest calculation. For the oral loans in count VI with principals totaling $132,671.20, the appellees argue that the judgment was satisfied by their payments of $309,710.44.

[8,9] "Legal interest is intended to compensate ultimately victorious litigants for the value of money to which they are entitled and of which they have been deprived during the pendency of litigation." 44B Am. Jur. 2d *Interest and Usury* § 1 at 24 (2017). "'Compound interest' means interest on interest, in that accrued interest is added periodically to the principal, and interest is then computed upon the new principal thus formed." *Id.*, § 41 at 72. See *Sanford v. Lundquist*, 80 Neb. 414, 118 N.W. 129 (1908). Compound interest differs from a simple interest rate that is a percentage rate applied only to the principle of the loan.

Because of its use of both "compounded annually" and "$58.97 per day," the language in the 2008 order can reasonably be read to have conflicting meanings, and we conclude the district court's 2008 order is ambiguous. Because the order is ambiguous, we turn to the record to ascertain its meaning.

*The Order Was for Simple Interest.*

By reference to the record in this case, we focus on the acts and words of the parties, their court filings, and the evidence at the hearing on the motion for satisfaction and judgment.

[10] Past agreements between Meiergerd and Qatalyst had limited interest to no more than the interest permitted under Nebraska law. And in the absence of a contract or statute, compensation in the form of compound interest is generally not allowed to be computed upon a debt. See, *Ashland State Bank v. Elkhorn Racquetball, Inc.*, 246 Neb. 411, 520 N.W.2d 189 (1994); *Abbott v. Abbott*, 188 Neb. 61, 195 N.W.2d 204 (1972). Further, nothing in the record explicitly explains the district court's use of the word "compounded" in its provision for postjudgment interest. In our view, we find no evidence in prior dealings that would suggest that the parties explicitly or impliedly agreed to a 16-percent compound interest rate on the principal of these oral loans or agreed that the manner of calculating an interest rate would increase significantly after a judgment.

Meiergerd's motion for default judgment informs our understanding of the postjudgment issue, and we note it is referenced by the district court in its judgment. The order specifically found that "the Motion for Default Judgment of the Plaintiff Meiergerd is true and proper in all respects and should be granted." Meiergerd's motion so referenced had sought interest on the oral loans of count VI at a simple interest rate. It included a detailed chart applying this rate to the principal on the oral loans from the date of each loan. The chart supporting prejudgment simple interest also included a daily rate based on a 16-percent annual interest rate. This daily interest rate proposed by Meiergerd is consistent with the daily rate the district court explicitly ordered for future interest on the judgment.

Doubtful or ambiguous judgments are to have a reasonable intendment to do justice and avoid wrong. *Ramaekers v. Creighton University,* 312 Neb. 248, 978 N.W.2d 298 (2022). Since the record lacks evidence of a contract or statute that would allow compound postjudgment interest on the loans in this case, we will not assume that the district court imposed compound interest disfavored in law.

## CONCLUSION

The 2008 order on default judgment as to count VI was ambiguous as it pertained to postjudgment interest, and we conclude that the district court and Court of Appeals properly ascertained its meaning. Because the appellees satisfied the judgment with respect to count VI and attorney fees, in accordance with the proper meaning of the 2008 order, the decision of the Court of Appeals that affirmed the order of the district court that granted appellees' motion for satisfaction and discharge of judgment is affirmed.

Affirmed.